### In re NAR–JOR ENTERPRISES CORP., Debtor.

### Bankruptcy No. 80–00828–BKC–JAG.

United States Bankruptcy Court, S. D. Florida.

Oct. 14, 1980.

Monte K. Rassner, South Miami, Fla., for debtor.

Arthur S. Weitzner, c/o Fierro & Weitzner, Coral Gables, Fla., for petitioning creditor.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

The matter came on for trial before the court on October 7, 1980 on the petition of Carlos Del Amo, Sr. as petitioning creditor seeking the involuntary bankruptcy of the debtor Nar–Jor Enterprises Corp. (C.P. No.1) and the answer and affirmative defenses thereto filed on behalf of the debtor and alleged bankrupt (C.P.No.12) in which the essential allegations of the involuntary petition were denied.

The principal issue remaining to be determined at the time of trial was whether or not "the debtor is generally not paying such debtor's debts as such debts become due" pursuant to 11 U.S.C. § 303(h)(1).

The court is grateful to counsel for both parties for the excellent and comprehensive presentation of evidence and applicable law in aid to the court in determining the issues in this hotly litigated matter.

A hearing was held on July 14, 1980 to determine whether or not an injunction should be entered against the alleged bankrupt and an interim trustee appointed. Extensive evidence was taken at that hearing which resulted in the entry of an order dissolving the temporary injunction and denying the appointment of an interim trustee (C.P.No.11).

There was subsequent discovery and a pre–trial conference preceding the trial. At the trial before the court, the depositions of Miguel Ayes, president of Tropical Fur-

niture Distributors, Inc. and Jorge Callejas, president of the debtor, were received into evidence without objection. In addition, numerous items of documentary evidence were received into evidence and the testimony of three witnesses was taken.

At the conclusion of the presentation of the petitioning creditor's case, the debtor moved for the entry of a judgment in its favor, ruling on which was reserved by the court until it had an opportunity to read the depositions and examine the documentary evidence presented. By reason of the findings hereinafter made and the conclusions reached, that motion becomes moot and therefore, there is no need to rule upon it.

The petitioning creditor contends that the existence of an unpaid obligation to him and an unpaid Florida state sales tax obligation in an undetermined amount is sufficient to establish that the debtor is generally not paying its debts as its debts become due. The debtor, on the other hand, disputes that the petitioning creditor has any claim against it and further states that it is in the process of making a determination of how much sales tax obligation is due to the State of Florida so that it can be paid. The debtor's position is that much of its sales were to non–residents of Florida and to dealers who had sales tax numbers and accounts of their own and therefore exempt from sales tax.

The business of the debtor is the buying of furniture at wholesale and reselling it from display premises in rented private residences to buyers who respond to newspaper advertisements. Its principal source of inventory for resale is Tropical Furniture Distributors, Inc.

The claim of the petitioning creditor, Carlos Del Amo, Sr., is obviously a disputed one and this court will not resolve that dispute except to find and conclude that there is a real, and not illusory, dispute between the petitioning creditor and the debtor.

The evidence conclusively shows that the petitioning creditor made cash advances to, or on behalf of the debtor, of approximately $50,000 and has collected from the debtor

approximately $33,800. The petitioning creditor contends that the resulting difference is an obligation due and owing from the debtor to him.

The debtor, on the other hand, takes the position that the advances made by the petitioning creditor were on account of a joint business venture that the creditor and debtor had agreed to undertake and that the venture operated at a loss primarily by reason of the creditor's reneging on carrying through his part of the oral joint venture agreement and that there is therefore no amount due and owing by it to him. The testimony of the petitioning creditor and Jorge Callejas, president and principal figure of Nar–Jor Enterprises Corp., is diametrically opposed on this matter and, as aforesaid, the court does not need to resolve that dispute other than to find that such dispute does in fact exist.

Other than the obligation, if any to the petitioning creditor and the unliquidated sales tax obligation which is in the process of calculation, there has been no showing that there are any other past due obligations owed by the debtor. The creditor takes the position that some of the funds advanced by him were to pay ongoing expenses of the debtor which the debtor itself was unable to pay. The debtor's position is that these expenses were to be paid by the petitioning creditor as part of their joint venture agreement and that the debtor did, in fact, have the ability to pay them.

In evidence in this case, is the deposition of Miguel Ayes, (petitioning creditor's exhibit number 53) which was taken by the petitioning creditor. Mr. Ayes is president of Tropical Furniture Distributors, Inc., the principle supplier to the debtor. Mr. Ayes testified that the debtor did not owe Tropical Furniture Distributors, Inc., any money, that it always paid its bills, and that the only reason that it was put on C.O.D. was the pendency of this bankruptcy proceeding.

Petitioning creditor further relies on the failure to report and pay a sales tax obligation to the state of Florida as additional evidence that the debtor is not generally paying its debts as they become due. Debtor has responded that its accountant is in the process of calculating the sales that are subject to sales tax and that payment thereof will be made. The evidence that supports a finding that there will be a sales tax obligation also demonstrates that the debtor's business which is less than one year old had been increasing month–by–month up to the time the petition for involuntary bankruptcy was filed herein.

Petitioning creditor offered copies of the debtor's bank statements as his Exhibit No. 47 to show that there were frequent overdraws and returned items in the debtor's conduct of its business. Notwithstanding several times that its account was overdrawn for a day or two, its bank did *not* dishonor its checks but rather paid the checks and it appears that on almost every occasion the debtor made counterbalancing deposits within a day or two. The few of the debtor's checks that were returned to the payee appear to be as a result of incoming checks that the debtor deposited which had not cleared at the time the debtor wrote the returned checks and which said deposited checks were thereafter dishonored. However, on each occasion it appears that the debtor made the checks good through subsequent deposits. There are apparently no other suits or claims being asserted against the debtor.

At any rate, the court finds that none of the evidence submitted by the petitioning creditor amounts to a showing that the debtor is not generally paying its obligations as they become due.

There are courts of general jurisdiction to which both parties hereto can be summoned and in which the issues between them can be litigated. The Bankruptcy Court was not designed or intended to be the forum for trying isolated disputed claims. Such a disputed claim standing alone should not be the basis of an involuntary petition under § 303(h)(1). *In re All Media Properties & Artlite* 2 C.B.C.2d 449, 5 B.R. 126 (Bkrtcy.S. D.Tex.1980).

For the reasons stated herein, the court must and does find and conclude that the

petitioning creditor has failed to sustain his allegation that the debtor is not generally paying its debts as such debts become due and therefore, pursuant to B.R. 921(a), a separate Judgment dismissing the involuntary petition and incorporating these Findings and Conclusions is being entered this day.