In re Gerald L. NORDBROCK, Debtor.

**BANKERS TRUST COMPANY, Plaintiff,**

v.

**Gerald L. NORDBROCK, Defendant.**

**Bankruptcy No. 82–1871.
CV 83–0–319.**

United States District Court,
D. Nebraska.

Sept. 18, 1984.

M.J. Bruckner, Lincoln, Neb., and Brent B. Green, Des Moines, Iowa, for plaintiff.

William Jay Riley and Glenda J. Pierce, Omaha, Neb., for debtor/defendant.

## ORDER

BEAM, District Judge.

This matter is before the Court on appeal from a judgment of the Bankruptcy Court for the District of Nebraska sustaining the motion of Gerald Nordbrock, appellee, to dismiss the involuntary bankruptcy petition filed against him by appellant, Bankers Trust Company. Appellant filed its petition on October 27, 1982, and on June 6, 1984, the Bankruptcy Court dismissed this involuntary bankruptcy proceeding pursuant to 11 U.S.C. § 303.

The involuntary petition was based on Mr. Nordbrock's nonpayment of a claim of approximately $3,000,000.00 arising out of a guarantee executed by Nordbrock in connection with a debt owed by the Mt. Pleasant Company, a bank holding company in which Nordbrock is a major shareholder. Appellant challenges the Bankruptcy Court's conclusion that Nordbrock's alleged debt to appellant should be excluded in determining whether, as of October 27, 1982, Nordbrock was generally paying his debts as they became due, within the meaning of 11 U.S.C. § 303(h)(1).

Section 303(h)(1) states with respect to involuntary bankruptcy cases that:

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due....

The reported decisions are divided concerning whether a debtor can be considered to be failing generally to pay his debts as they become due when his only past due obligations are subject to bona fide dispute. The issue is even more troublesome when, as in the present case, the record reveals only one unpaid debt and it is a disputed claim held by a single creditor.

Appellant relies on *Matter of Covey*, 650 F.2d 877, 882–84 (7th Cir.1981) which sets forth a complicated procedure for determining when disputed debts should be excluded from the "generally paying debts" analysis in an involuntary bankruptcy proceeding. However, the two other Circuit Courts which have considered the question have criticized and declined to adopt the *Covey* approach as overly intricate and elaborate, *In re B.D. Int'l Discount Corp.*, 701 F.2d 1071, 1077 (2nd Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 108, 78 L.Ed.2d 110 (1983), and as weighted too heavily in favor of creditors, *In re Dill*, 731 F.2d 629 (9th Cir.1984). In addition, the Fifth Circuit has summarily affirmed a decision in which disputed debts were excluded from the section 303(h)(1) calculation:

[T]he Court believes that where a debtor fails to pay a debt which is subject to a bona fide dispute, that debt should not be considered a debt which has not been paid as it became due. There is no apparent reason why a debtor should have to pay disputed debts to avoid the entry of an order of relief.

*In re All Media Properties, Inc.*, 5 B.R. 126, 144 (Bankr.S.D.Tex.1980), *aff'd*, 646 F.2d 193 (5th Cir.1981).

Under what circumstances disputed claims should be included in the "generally

paying debts" determination need not be decided at this time, as the Court finds that in the present case the Bankruptcy Court correctly excluded appellant's claim. The record supports the Bankruptcy Court's view that appellant's claim against Nordbrock is subject to legitimate dispute and that Nordbrock should not be compelled to pay the claim or face being forced into involuntary bankruptcy.

This case reflects efforts by a single creditor to use the Bankruptcy Court as a forum for the trial and collection of an isolated disputed claim, a practice condemned in prior decisions. *See, e.g., Matter of Goldsmith,* 30 B.R. 956, 963 (Bankr. E.D.N.Y.1983); *In re R.N. Salem Corp.,* 29 B.R. 424, 429 (Bankr.S.D.Ohio 1983); *In re SBA Factors of Miami, Inc.,* 13 B.R. 99, 100–101 (Bankr.S.D.Fla.1981); *In re Nar-Jor Enterprises Corp.,* 6 B.R. 584, 586 (Bankr.S.D.Fla.1980). There currently exists, in fact, a pending case in an Iowa District Court in which appellant is attempting to enforce the same claim against Nordbrock as has been asserted in this case. Even in *Matter of Covey,* on which appellant relies, the Seventh Circuit was not faced with a situation in which the disputed debt at issue was the only obligation of the debtor not being paid in the regular course of the debtor's business. The Bankruptcy Court's denial of an order of relief pursuant to 11 U.S.C. § 303(h)(1) was correct and is therefore affirmed.[1]

IT IS THEREFORE ORDERED that the decision of the Bankruptcy Court sustaining appellee's motion to dismiss the involuntary bankruptcy petition filed by appellant is hereby affirmed.

IT IS FURTHER ORDERED that appellant shall bear the costs of this appeal, but each party shall pay his or its own attorney fees incurred in connection with appeal to this Court.

---

1. The Court also affirms the Bankruptcy Court's conclusion that the creditors paid by Mrs. Nordbrock with funds from her personal checking account did not receive property of the bankruptcy estate for purposes of 11 U.S.C. § 549

and § 303(b)(2). Whatever the basis for challenging transfers to Mrs. Nordbrock, as the Bankruptcy Judge pointed out, Mr. Nordbrock's creditors paid by his wife did not receive voidable transfers.