772 F.2d 397
 Bankr. L. Rep. P 70,651
In re Gerald L. NORDBROCK, Debtor.
BANKERS TRUST COMPANY BT SERVICE COMPANY, Assignee of
Bankers Trust Company, Appellant,
v.
Gerald L. NORDBROCK, Appellee.
In re Gerald L. NORDBROCK, Debtor.
BANKERS TRUST COMPANY BT SERVICE COMPANY, Assignee of
Bankers Trust Company, Appellee,
v.
Gerald L. NORDBROCK, Appellant.
 Nos. 84-2376, 84-2377.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1985.
Decided July 24, 1985.
 
 William W. Graham, Des Moines, Iowa, for appellant.
 William Jay Riley, Omaha, Neb., for appellee.
 Before BRIGHT, Senior Circuit Judge, and ROSS and JOHN R. GIBSON, Circuit Judges.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 This case presents consolidated appeals arising out of an involuntary bankruptcy proceeding instituted pursuant to 11 U.S.C. Sec. 303 (1982) against Gerald Nordbrock by Bankers Trust Company (Bankers Trust). Bankers Trust appeals from an order of the district court[1] affirming the bankruptcy court's dismissal of the proceedings. It asserts that the district court erred in (1) determining that Nordbrock's debt to Bankers Trust should not be considered in determining whether Nordbrock was generally paying his debts as they became due, and (2) concluding as a matter of law that funds transferred by Nordbrock to his wife's checking account did not constitute property of the estate. Nordbrock cross-appeals, asserting that the district court erred in denying him reasonable attorneys' fees. We affirm the order of the district court. In addition, we view this appeal, requiring a third court to consider the issues, as frivolous at this stage of the proceedings. Therefore we award Nordbrock his costs and attorneys' fees incurred in appeal No. 84-2376.
 
 I.
 
 2
 Bankers Trust, the creditor, brought an action in state court against Gerald L. Nordbrock, the debtor, to recover a debt of approximately three million dollars arising from Nordbrock's personal guarantee of a debt owed to Bankers Trust by a bank holding company. Subsequently, Bankers Trust[2] filed an involuntary bankruptcy petition against Nordbrock pursuant to 11 U.S.C. Sec. 303 (1982), alleging that Nordbrock owed it a noncontingent debt in excess of three million dollars and that Nordbrock was generally not paying his debts as they became due.
 
 
 3
 Nordbrock objected to the petition, arguing that the debt asserted by Bankers Trust constituted a contingent liability. He also argued that the bankruptcy court lacked jurisdiction because only one creditor had filed the petition in violation of the jurisdictional requirement of 11 U.S.C. Sec. 303(b) which provides that three or more entities must participate in an involuntary petition unless there are fewer than twelve holders of claims against the debtor. Finally, Nordbrock contended that Bankers Trust had filed the petition in bad faith.
 
 
 4
 Nordbrock asserted his right to a jury trial on the disputed debt and the bankruptcy court transferred the case to the district court. The district court, in turn, remanded the threshold jurisdictional issues to the bankruptcy court for initial consideration. These issues were (1) whether Nordbrock was generally paying his debts as they became due, and (2) whether, because Bankers Trust was the only petitioning creditor, Nordbrock had fewer than twelve creditors. The bankruptcy court found in Nordbrock's favor on both issues and dismissed the petition, awarding Nordbrock attorneys' fees.
 
 
 5
 The district court, in a well-reasoned opinion, affirmed the dismissal of the petition. In light of the disputed nature of this debt, the court rejected Bankers Trust's contention that Nordbrock was generally not paying his debts, stating in part:
 
 
 6
 Appellant relies on Matter of Covey, 650 F.2d 877, 882-84 (7th Cir.1981) which sets forth a complicated procedure for determining when disputed debts should be excluded from the "generally paying debts" analysis in an involuntary bankruptcy proceeding. However, the two other Circuit Courts which have considered the question have criticized and declined to adopt the Covey approach as overly intricate and elaborate, In re B.D. Int'l Discount Corp., 701 F.2d 1071, 1077 (2nd Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 108, 78 L.Ed.2d 110 (1983), and as weighted too heavily in favor of creditors, In re Dill, 731 F.2d 629 (9th Cir.1984). In addition, the Fifth Circuit has summarily affirmed a decision in which disputed debts were excluded from the section 303(h)(1) calculation:
 
 
 7
 [T]he Court believes that where a debtor fails to pay a debt which is subject to a bona fide dispute, that debt should not be considered a debt which has not been paid as it became due. There is no apparent reason why a debtor should have to pay disputed debts to avoid the entry of an order of relief.
 
 
 8
 In re All Media Properties, Inc., 5 B.R. 126, 144 (Bankr.S.D.Tex.1980), aff'd, 646 F.2d 193 (5th Cir.1981).
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 This case reflects efforts by a single creditor to use the Bankruptcy Court as a forum for the trial and collection of an isolated disputed claim, a practice condemned in prior decisions. See, e.g., Matter of Goldsmith, 30 B.R. 956, 963 (Bankr.E.D.N.Y.1983); In re R.N. Salem Corp., 29 B.R. 424, 429 (Bankr.S.D.Ohio 1983); In re SBA Factors of Miami, Inc., 13 B.R. 99, 100-101 (Bankr.S.D.Fla.1981); In re Nar-Jor Enterprises Corp., 6 B.R. 584, 586 (Bankr.S.D.Fla.1980). There currently exists, in fact, a pending case in an Iowa District Court in which appellant is attempting to enforce the same claim against Nordbrock as has been asserted in this case. Even in Matter of Covey, on which appellant relies, the Seventh Circuit was not faced with a situation in which the disputed debt at issue was the only obligation of the debtor not being paid in the regular course of the debtor's business. The Bankruptcy Court's denial of an order of relief pursuant to 11 U.S.C. Sec. 303(h)(1) was correct and is therefore affirmed.
 
 
 12
 In re Gerald L. Nordbrock, 52 B.R. 370, 371-72 (D.Neb. 1984) (footnote omitted).
 
 
 13
 We affirm the judgment against Bankers Trust on the basis of the district court's opinion.[3]
 
 II.
 
 14
 In his cross-appeal, Nordbrock contends that the district court erred in denying him reasonable attorneys' fees in the appeal from the bankruptcy court's order dismissing the involuntary bankruptcy petition. A motion for attorneys' fees under 11 U.S.C. Sec. 303(i) is addressed to the discretion of the court, and we cannot say that the district court abused its discretion in declining to award Nordbrock attorneys' fees on appeal from the bankruptcy court.
 
 
 15
 Nordbrock also asks this court to award him reasonable attorneys' fees on this appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which authorizes the award of "just damages" for a frivolous appeal. We conclude that such an award is appropriate in this case. Although Bankers Trust's appeal to the district court can be considered nonfrivolous, its further appeal to this court cannot be justified in light of the existing case law and the district court's thorough and well-reasoned opinion considering and rejecting the principal authorities relied on by Bankers Trust.
 
 
 16
 Bankers Trust relies principally on Matter of Covey, 650 F.2d 877 (7th Cir.1981), and In re Dill, 731 F.2d 629 (9th Cir.1984). But the claims and factual situation in those cases are so different from the claim and factual situation in the present case that Bankers Trust could not possess a valid expectation of a reversal in this appeal. In both Covey and Dill, the petitions were filed by multiple creditors; in this case, Bankers Trust is the sole creditor. Multiple debts were unpaid in Covey and Dill; in the present case, only one debt is unpaid, and that debt is the subject of a bona fide dispute.
 
 
 17
 Furthermore, the bankruptcy courts have concluded that, in the absence of fraud or some special need for bankruptcy relief, the failure to pay a single debt does not establish that a debtor is "generally" not paying his debts. In re Central Hobron Assoc., 41 B.R. 444, 448-49 (Bankr.D.Hawaii 1984); In re Arker, 6 B.R. 632, 636 (Bankr.E.D.N.Y.1980). A creditor does not have a special need for bankruptcy relief if it can go to state court to collect a debt. In re Central Hobron Assoc., supra; In re Blaine Richards & Co., 16 B.R. 362, 365 (Bankr.E.D.N.Y.1982). We note that Bankers Trust had commenced an action in state court to collect the alleged debt from Nordbrock.
 
 
 18
 In sum, we think that Bankers Trust should clearly have been on notice from the existing case law that it stood little chance of prevailing as a sole creditor attempting to force a debtor into involuntary bankruptcy over a single disputed debt. Under any balancing test, the equities weigh heavily in favor of Nordbrock, who in no way appears to be behind in paying his debts except as to the complex litigation now pending in state court.
 
 
 19
 Assuming that Bankers Trust was justified in pursuing this case on appeal to the district court, based upon the thin ray of hope offered by Matter of Covey, that glimmer of hope should have been extinguished by the district court's cogent opinion. Nonetheless, Bankers Trust, having lost on two bites of the litigation apple, appealed again to this court, its hope for success on the third bite resting upon gossamer. We view this third bite as unnecessary and costly.
 
 
 20
 We therefore award Nordbrock reasonable attorneys' fees and expenses plus costs under Fed.R.App.P. 38. Nordbrock shall submit a verified and itemized bill for attorneys' fees and expenses for our review and approval within fifteen days.
 
 
 21
 Affirmed.
 
 
 
 [1]
 The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska
 
 
 [2]
 After filing the petition, Bankers Trust assigned its claim to BT Service Company and joined BT Service Company as a party to the proceedings. We refer to the creditors jointly as Bankers Trust for purposes of our discussion
 
 
 [3]
 The district court also affirmed the bankruptcy court's conclusion that certain creditors should not be excluded in determining whether Nordbrock had fewer than twelve creditors. 11 U.S.C. Sec. 303(b)(2). These creditors, mostly household and personal creditors, had been paid on account from time to time by Nordbrock's wife from funds transferred by Nordbrock to his wife's checking account. Bankers Trust had argued that these creditors were excluded under section 303(b)(2) as transferees of voidable transfers. We do not address this second conclusion because the issue of whether Nordbrock was generally paying his debts is dispositive