**In re GENERAL TRADING, INC., a Florida corporation, Debtor.**

**Bankruptcy No. 88–01315–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 30, 1988.

Philip A. Allen, Miami, Fla., for petitioning creditors.

Brian K. Gart, Miami, Fla., for alleged debtor.

### ORDER OF DISMISSAL AND MEMORANDUM DECISION

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard for trial on June 21, and June 24, 1988, upon the filing of an Involuntary Chapter 7 Petition against the alleged debtor, General Trading, Inc. ("GTI"), a Florida corpora-

tion, pursuant to 11 U.S.C. § 303(a). The Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the argument of counsel and otherwise been fully advised in the premises, does hereby order the following:

On April 7, 1988, Yale Materials Handling Corporation ("Yale"), Richard Bandler Co., Inc. and International Brokerage, Inc. ("IBI"), collectively the "petitioning creditors," filed an Involuntary Petition for relief under Chapter 7 against GTI pursuant to 11 U.S.C. § 303(a). On May 12, 1988, GTE International, Inc. and Compañia Dominicana De Telefonos, C. Por A., affiliated through common ownership ("GTE/Codetel"), filed a Joinder pursuant to 11 U.S.C. § 303(c), intervening as an additional petitioning creditor. The debtor has filed an answer and affirmative defenses denying the essential allegations of the Involuntary Petition and containing a demand against Yale for costs, attorneys' fees and damages, both actual and punitive, on the basis that the petition was improper and brought by Yale in bad faith. This Court has jurisdiction of this involuntary proceeding, which is a core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O).

At the trial before the Court, the petitioning creditors introduced numerous documents into evidence along with the testimony of many witnesses, both in person and through deposition. After filing the Involuntary Petition, the alleged claims of IBI and GTE/Codetel were paid in full and settled by GTI. At trial petitioners IBI and GTE/Codetel indicated that they no longer wished to pursue relief under 11 U.S.C. § 303(a). While the Court is mindful that the post-petition payment of claims to petitioning creditors does not deprive it of jurisdiction or mandate dismissal of the petition, it appears from the pleadings that GTI contends that petitioners IBI and GTE/Codetel were ineligible under Section 303(b)(1) for reasons other than post-petition payment. *In re Carvalho Industries, Inc.,* 68 B.R. 254, 256 (Bankr.D.Or.1986); and *In re Sjostedt,* 57 B.R. 117 (Bankr.M. D.Fla.1986). For the reasons set forth hereinafter, there is no need to consider or rule upon the eligibility of the petitioning creditors under Section 303(b)(1).

At the close of the evidence offered by the petitioning creditors, the alleged debtor moved pursuant to Fed.R.Civ.P. 41(b), as made applicable by Bankruptcy Rules 7041 and 1018, for involuntary dismissal of the petition. By reason of the findings hereinafter made and the conclusions reached, the Court determines that upon the facts and the law the petitioning creditors have shown no right to relief, and hereby dismisses the Involuntary Petition.

■ The primary issue for discussion is whether the asserted claim of petitioner Yale is subject to a bona fide dispute, such that it should be excluded from the calculation of whether GTI was generally not paying its debts as they became due on April 7, 1988. Creditors having claims subject to a bona fide dispute are excluded from this determination under 11 U.S.C. § 303(h)(1). Yale contends that GTI has no legitimate basis, factual or legal, for not paying the asserted Yale claim. The Court is not persuaded that Yale's contention correctly states a proper basis for determining what is a bona fide dispute for purposes of Section 303(h)(1).

In order to understand the dispute, some history of the business dealings between GTI and Yale, as established by the evidence of record, is necessary. From November, 1978 until December, 1987, GTI was an authorized Yale dealer selling and servicing forklifts, lift trucks and parts manufactured by Yale. GTI's principal source of inventory was supplied by Yale through floor plan financing provided by Heller Financial Company. GTI would also purchase its parts inventory and certain equipment from Yale on open account.

In December of 1987, Yale gave notice of termination of the dealership agreement with GTI. Immediately thereafter, GTI stopped payment on checks issued to Heller on the floor plan financing arrangement, discontinued paying Yale on the open account, and commenced a lawsuit against Yale in the Dade County Circuit Court

seeking damages for wrongful termination of the dealership agreement, fraud and other violations. In January of 1988, Heller exercised its right to cause Yale to buy out any obligation owed by GTI under the financing arrangement, and assigned the Heller position to Yale. Yale removed the GTI lawsuit to the United States District Court for the Southern District of Florida, filed a twelve-count counterclaim seeking recovery of all amounts alleged to be due from GTI, and sought other pre-judgment relief including replevin, attachment of collateral and an injunction. It is this same injunction which Yale obtained relief from stay in this proceeding to enforce in the district court.

The evidence concerning the district court litigation shows that in February of 1983, Yale removed and obtained some of its remaining collateral from GTI (or GTI customers), and since that date has not credited or accounted to GTI for the value of the equipment, parts and receivables that were or may have been turned over to it. Whether any indebtedness is due and owing to Yale from GTI in light of these remedies and the other credits claimed and causes of action asserted by GTI appears to be one of the central matters in dispute in that litigation.

■ Yale contends that there are special circumstances which evidence its need for relief available only under the Bankruptcy Code. This Court in *In re R.V. Seating, Inc.*, 8 B.R. 663, 665 (Bankr.S.D.Fla.1981), stated "that a sole creditor would be entitled to prevail in an involuntary case if the creditor can establish ... there are special circumstances such as fraud...." Yale alleges that subsequent to the termination of the dealership agreement GTI used the proceeds of the Yale collateral in the ordinary course of its business to pay other creditors, failing to remit such proceeds to Yale. From this, Yale argues that but for GTI's conversion of Yale proceeds, the alleged debtor would not have been able to pay its creditors. The evidence shows that Yale has included these same allegations in its counterclaim against GTI in the district court litigation.

■ Under the Bankruptcy Amendment and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 369 (1984), Congress decided that debts subject to a bona fide dispute may not be considered by a bankruptcy court in determining under 11 U.S.C. § 303(h)(1) whether an alleged debtor is generally not paying its debts as they become due. The legislative history does not define bona fide dispute, and as a result the courts have applied widely varying tests to determine whether such a dispute exists with respect to a particular claim. The Court agrees with and adopts the test applied by the District Court for the Northern District of Indiana in *Matter of Busick*, 65 B.R. 630, 637–38 (N.D.Ind.1986), *aff'd* 831 F.2d 745, 749–50 (7th Cir.1987). As adopted in *In re Ramm Industries, Inc.*, 83 B.R. 815, 822 (Bankr.M.D.Fla.1988), the *Busick* test does not require a decision on the outcome of any dispute, only a determination that the dispute exists:

> [T]he, Court need only engage in a limited analysis of the claims at issue in order to determine whether there exists a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts. [citation omitted]. As the District Court emphasized in Busick, the term 'bona fide' as it appears in § 303 'refers only to a dispute, not the moral character of those involved in it.' [citation omitted].

Applying the *Busick* test to the claim of Yale, the Court concludes that the Involuntary Petition is essentially nothing more than a two-party dispute. After a review of the district court litigation and the evidence presented through Yale at trial, it is clear that the Yale claim is the subject of a bona fide dispute and that genuine issues of material fact and law exist as to the alleged debtor's liability. The evidence shows that Yale and GTI have taken widely differing positions with regards to the district court litigation and the claims of each therein. Having determined that this dispute does in fact exist, this Court need not resolve it in order to dispose of the Involun-

tary Petition. *In re Nar–Jor Enterprises Corp.,* 6 B.R. 584 (Bankr.S.D.Fla.1980).

Yale and the other petitioning creditors have also failed to demonstrate the existence of any special circumstances, or that they would not be able to obtain adequate relief in the district court litigation or in another non-bankruptcy forum. As stated in *Nar–Jor,* "[t]he Bankruptcy Court was not designed or intended to be the forum for trying isolated disputed claims. Such a claim standing alone should not be the basis of an involuntary petition under Section 303(h)(1)." *Id.* at 586, *citing In re All Media Properties and Artlite,* 5 B.R. 126 (Bankr.S.D.Tex.1980), *aff'd per curiam,* 646 F.2d 193 (5th Cir.1981).

■ The remaining issue for this Court to consider is the question of whether at the time the Involuntary Petition was filed the alleged debtor was generally not paying its debts as they became due, in accordance with the standards set forth under 11 U.S.C. § 303(h)(1). The burden of proof on this issue rests squarely with the petitioning creditors, and requires more than the showing of a few unpaid debts. *In re SBA Factors of Miami, Inc.,* 13 B.R. 99, 100 (Bankr.S.D.Fla.1981).

Having excluded the disputed claim of Yale, the Court's analysis under 11 U.S.C. § 303(h)(1) requires a comparison of the number of debts unpaid each month to those paid, the amount of the delinquency, the materiality of the non-payment, and the nature of the alleged debtor's conduct of its financial affairs. *In re Leek Corporation,* 52 B.R. 311, 314 (Bankr.M.D.Fla. 1985). Considering all of these factors, the Court concludes that, with the exception of the Yale claim which is subject to a bona fide dispute, the alleged debtor has generally been paying its debts as they become due. Indeed, the petitioning creditors' own expert on the status of GTI's financial books and records, testified that the accounts payable listing as of the petition date reflected that payments to creditors other than Yale were "quite current," and admitted that such creditors were being paid within 30 days of invoice dates.

In any event, the Court finds that none of the evidence submitted by the petitioning creditors amounts to a showing that the alleged debtor is generally not paying its debts as they become due. On the basis of the evidence before it, the Court therefore concludes that the involuntary petition in this case must be dismissed because the petitioning creditors have failed to satisfy the requirements of Section 303(h)(1) of the Bankruptcy Code. 11 U.S.C. § 303(h)(1).

GTI has prayed in its answer and affirmative defenses for an award of costs, attorneys' fees, actual and punitive damages, pursuant to 11 U.S.C. § 303(i). As this case was decided upon a motion for involuntary dismissal at the conclusion of the petitioning creditors' case, the alleged debtor has had no opportunity to present evidence on damages, bad faith or the amount of costs and attorneys' fees expended or incurred. In light of the disposition of this case, the Court exercises its discretion to allow such relief, if appropriate, upon separate motion, notice and hearing. Based upon the foregoing, it is hereby

ORDERED and ADJUDGED as follows:

1. The Involuntary Chapter 7 Petition filed on April 7, 1988 by petitioning creditors Yale Materials Handling Corporation, Richard Bandler Co., International Brokerage, Inc. and joined by GTE International, Inc. and Compania Dominicana de Telefonos, C. Por A., is hereby dismissed upon the merits, pursuant to Fed.R.Civ.P. 41(b), as made applicable hereto by Bankruptcy Rules 7041 and 1018.

2. By reason of the findings made and conclusions reached herein, the Court determines that upon the facts and the law the petitioning creditors have shown no right to relief.

3. The Court will consider the relief requested by the alleged debtor pursuant to 11 U.S.C. § 303(i) upon separate motion, notice and hearing.