# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 24-6003

_____

In re: Chapter Kris Jackson,

Debtor.

------------------------------

Chapter Kris Jackson,

*Appellant*

v.

Rachel Gosset and Jordan Beswick, as Co-Trustees of the Jackson Family Trust,

*Appellees*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri

_____

Submitted: October 15, 2024
Filed: December 11, 2024

_____

Before HASTINGS, Chief Judge, CONSTANTINE and JONES, Bankruptcy
Judges.

_____

CONSTANTINE, Bankruptcy Judge.

Debtor/Appellant Chapter Kris Jackson appeals the bankruptcy court's order denying Jackson's motion for sanctions, damages, and other relief. In her pleadings in the bankruptcy case and on appeal, Jackson seeks an evidentiary hearing on the issue of sanctions and damages against Rachel Gosset and Jordan Beswick as "Co-Trustees of the Jackson Family Trust" ("Appellees") and requests an order requiring Appellees to post a bond pending the damages hearing, demands an order barring Appellees from filing any involuntary bankruptcy petition naming Jackson as the debtor without first obtaining leave of the bankruptcy court, and seeks a declaration that the case is void *ab initio*. For the following reasons, we remand the case to the bankruptcy court for a hearing on these requests for relief.

## STANDARD OF REVIEW

"A decision to grant or deny fees and expenses to a debtor upon dismissal of an involuntary petition is left to the discretion of the court, thus, we review that order for abuse of discretion." *Coop. Supply, Inc. v. Corn-Pro Nonstock Coop., Inc.* (*In re Corn-Pro Nonstock Coop., Inc.*), 318 B.R. 153, 155 (B.A.P. 8th Cir. 2004). A decision to hold or "not to hold an evidentiary hearing also is reviewed for an abuse of discretion." *MedPoint Mgmt., LLC v. Jensen* (*In re Medpoint Mgmt., LLC*), No. AZ-15-1130, 2016 WL 3251581, at *5 (B.A.P. 9th Cir. June 3, 2016) (citing *Gray v. Warfield* (*In re Gray*), 523 B.R. 170, 172 (B.A.P. 9th Cir. 2014)). Applying this standard, this Court will affirm the decision of the bankruptcy court unless it abused its discretion in declining to award fees and expenses. *See Bankers Tr. Co. BT Serv. Co. v. Nordbrock* (*In re Nordbrock*), 772 F.2d 397, 400 (8th Cir. 1985).

## BACKGROUND

This appeal follows more than ten years of litigation between Appellees, Jackson, and her former husband, Christopher Jackson, regarding the parties' claims to assets held by the Jackson Family Trust(s). Appellees pursued claims against

Jackson and obtained a judgment. Frustrated by their inability to collect on the judgment, Appellees initiated an involuntary bankruptcy case naming Jackson as the debtor. The petition prompted Jackson to file several pleadings and numerous exhibits, seeking dismissal of the involuntary case, damages, sanctions against Appellees, and other remedies. Appellees responded with briefs and exhibits in opposition to Jackson's requested relief.

The bankruptcy court held an initial status hearing on January 31, 2024. During the hearing, the bankruptcy court advised the parties that it intended to bifurcate Jackson's motion to dismiss from the other motions requesting damages and to hold the issue of damages in abeyance pending a ruling on the merits of whether the involuntary petition should be dismissed or whether the Court should abstain and dismiss the involuntary petition under 11 U.S.C. § 305. The bankruptcy court explained that if it granted Jackson's motion to dismiss, it would hold a hearing on her request for damages.

After reviewing hundreds of pages of filings and documents submitted by Jackson, the 90-page response filed by Appellees, argument at the January 31, 2024 hearing, and the post-hearing filings, the bankruptcy court elected to forgo additional hearings on the parties' requests for relief. Instead, it entered an order abstaining and dismissing the involuntary petition as a matter of law under 11 U.S.C. § 305. The bankruptcy court also denied Jackson's requests for sanctions, damages, and other relief for several reasons: any damages award would be minimal given Jackson's self-representation and the lack of authority for an award of significant damages except for actual and tangible damages; the lack of authority to award damages under 11 U.S.C. § 303(i) when a bankruptcy court abstains and dismisses a case under 11 U.S.C. § 305; and Jackson engaged in litigation as a tactic and used forum shopping to her advantage. Consequently, it declined to exercise its discretion to grant relief under 11 U.S.C. § 303(i).

Jackson appeals the bankruptcy court's order denying Jackson's motion for sanctions, damages, and other relief.

**DISCUSSION**

In her Summary of the Case, Jackson clarifies that she appeals the denial of her motion for sanctions and other damages and requests the Court to remand the case to the bankruptcy court for the "sole purpose of conducting an evidentiary hearing or trial to establish if sanctions should be permitted." Appellant's Br. at 12. Appellees argue that this Court lacks jurisdiction over this appeal because the bankruptcy court dismissed the involuntary case under 11 U.S.C. § 305. Appellees claim that the sanctions Jackson seeks under 11 U.S.C. § 303(i) are only available if the bankruptcy court dismissed the case under 11 U.S.C. § 303. They maintain that Jackson does not have "standing to pursue this appeal because she cannot be granted an award under Section 303(i) for a case dismissed under Section 305." Appellee Br. at 8. (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

Appellees' argument is rejected. As the Eighth Circuit Court of Appeals recently noted in *Stursberg v. Morrison Sund PLLC*, it is "obvious from the structure and purpose of § 303 that Congress intended that the federal court that dismisses an involuntary case has *exclusive* jurisdiction to enforce the debtor remedies provided in § 303, including remedies for bad faith filings under § 303(i), and for fraudulent filings under § 303(k)(1)." 112 F.4th 556, 563 (8th Cir. 2024). These remedies are available whether the bankruptcy court dismissed the involuntary case under 11 U.S.C. § 303 or under 11 U.S.C. § 305. *Id.* at 565 ("In sum, § 303(i)(2) damages are allowed when an involuntary petition is dismissed under § 305(a)(1).").[1]

Appellees also argue the merits of Jackson's appeal, claiming there is no basis to find Appellees commenced the involuntary case in bad faith or for an improper

---

[1]One of the reasons given by the bankruptcy court for denying Jackson's requests for sanctions, damages, and other relief was the lack of authority to award damages under 11 U.S.C. § 303(i) when a bankruptcy court abstains and dismisses under 11 U.S.C. § 305. Subsequent to the bankruptcy court's decision, the Eighth Circuit decided the *Stursberg* case making it clear that such authority is available.

purpose. This argument looks past the premise of Jackson's appeal—whether she is entitled to a hearing on her motion for sanctions and other damages. While the bankruptcy court explained that it received sufficient evidence to support its decision to abstain, it is not clear whether the record on Jackson's request for sanctions and other damages is complete. Jackson claims that she suffers from a serious and potentially fatal medical condition that is directly affected by stress and argues she was given no opportunity to present these facts to the court. She also claims she incurred costs as a result of the involuntary petition and argues she is entitled to attorney fees for the time she spent preparing pleadings and exhibits. Her pleadings outline other remedies she claims the bankruptcy court failed to consider, including requiring Appellees to post a bond pending the damages hearing, an order barring Appellees from filing any involuntary bankruptcy petition naming Jackson as the debtor without first obtaining leave of the bankruptcy court, and a declaration that the case is void *ab initio*. These other remedies are included in her request for an evidentiary hearing on sanctions and damages.

Although the bankruptcy court informed the parties that it would conduct an evidentiary hearing on Jackson's request for sanctions, damages, and other relief if it dismissed the case, no such hearing was held. Jackson was denied the opportunity to support her claim for damages. While an award under 11 U.S.C. § 303(i) is left to the discretion of the bankruptcy court, it is an abuse of that discretion to rule without giving the parties an opportunity to offer evidence and fully develop the record. *In re Medpoint Mgmt., LLC*, 2016 WL 3251581, at *7–8; *see also Hancock v. Blair House Assocs. Ltd. P'ship*, No. 2:22-cv-00099, 2023 WL 2743641, at *19 (D. Me. Mar. 31, 2023).

We make no determination that the denial of sanctions, damages, and other relief was an abuse of discretion. Rather, in the circumstances of this case, we determine that an evidentiary hearing is necessary to exercise that discretion.

## JACKSON'S MOTIONS TO THE BANKRUPTCY APPELLATE PANEL

Jackson filed a Motion to Strike Brief of Appellees claiming Appellees fraudulently misrepresent the existence of trusts that do not exist. While acknowledging that Appellees obtained judgments on behalf of the trust(s), she argues that the trust(s) were not legally established; and therefore, Appellees' attorney, Victor F. Weber, "is barred from representing Trust(s) and cannot legally submit any pleadings on their behalf." Mot. to Strike at 9. Additionally, Jackson claims Attorney Weber's "representation of separate trusts without each trust having separate instruments creates a conflict of interest which requires Weber to withdraw from the representation in this Appeal." *Id.* at 21.

Jackson also filed a Motion for Sanctions, Motion for Removal and for Dismissal of a United States Trustee and Motion for Injunction, all premised on her claims regarding the invalidity and illegality of the trust(s) at issue. In support of these motions and her motion to strike Appellees' brief, Jackson filed 29 Requests for Judicial Notice.[*]

"The function of the appellate court is not to make an initial decision but simply to review the action of the trial court." *Booker v. Special Sch. Dist. No. 1*, 585 F.2d 347, 353 (8th Cir. 1978). As an appellate court, we are also mindful that our "scope of review is limited to issues raised both below and on appeal." *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 710 (8th Cir. 2021) (quoting *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 455 (8th Cir. 1990)).

The bankruptcy court abstained from deciding issues related to the validity of the trust(s) or the capacity of the co-trustees to act on behalf of the trust(s) and dismissed the involuntary petition. Jackson declined to challenge this decision on

appeal, and Appellees did not cross-appeal.[2]  Rather, Jackson appealed the bankruptcy court's order denying Jackson's request for sanctions, damages, and other relief.

Despite the limited scope of her appeal, Jackson asks the Court to take judicial notice of documents she claims show that Appellees fraudulently misrepresent the existence of trust(s) that do not exist and she challenges Attorney Weber's standing to respond to her appeal, but she offers no court order ruling in her favor on these claims.  Instead, she invites this Court to rule on the validity of the trust(s) in the first instance.  We decline this invitation because the role of an appellate court is to review the decisions of the bankruptcy court, not to decide the trust validity issues the bankruptcy court abstained from deciding.  *See Booker*, 585 F.2d at 353. Accordingly, Jackson's Motion to Strike Brief of Appellees Rachel Gossett and Jordan Beswick, as Trustees of the Jackson Family Trust, the Jackson Family Trust "A," and the Jackson Family Trust "B," and the Jackson Family Trust "C" is DENIED.  Likewise, Jackson's Motion for Sanctions, Motion for Removal and for Dismissal of a United States Trustee and Motion for Injunction are DENIED. Jackson's requests for judicial notice of documents in support of these motions are DENIED because they are moot.  To the extent these documents are part of the bankruptcy court record designated on appeal, the Court considered them in its decision where relevant to the outcome.

Finally, Jackson filed a Motion to Have the Court Deem Appellant Motions Unopposed, Deem Appellee's Arguments as Waived and Accepting the Appellant's Position.  Jackson argues that Appellees failed to timely respond to her motions and this failure should prompt the Court to deem the motion unopposed, entitling Jackson to the relief she requests.  On October 21, 2024, the Court entered an Order

---

[2]Even if Appellees had cross-appealed, we must decline review.  "An order dismissing or suspending under § 305(a) 'is not reviewable by appeal or otherwise' to the court of appeals or to the Supreme Court. § 305(c). Section 305 contains no remedial provision."  *Stursberg*, 112 F.4th at 560–61.

granting Appellees' motion for an extension of time and allowing Appellees until October 28, 2024, to respond to Jackson's motions. Appellees filed their response within the time allowed. This response prompted Jackson to file a reply brief and a Motion to Strike Scandalous Material From Alleged Appellees' Objection. She also filed her thirtieth Request for Judicial Notice in support of this motion. Because the Court granted Appellees an extension of time to respond to Jackson's motions, her Motion to Have the Court Deem Appellant Motions Unopposed, Deem Appellee's Arguments as Waived and Accepting the Appellant's Position is DENIED. Jackson's Motion to Strike Scandalous Material From Alleged Appellees' Objection and her thirtieth Request for Judicial Notice in support of this motion are DENIED because they are not relevant to the outcome of this appeal. As explained above, the Court declines to consider any issues or allegations related to the validity of the trust(s) or the disputes between the parties except for the narrow issue raised on appeal: whether Jackson is entitled to a hearing on her motion for sanctions, damages, and other relief.

## CONCLUSION

For the reasons stated, we remand this case to the bankruptcy court for an evidentiary hearing to determine whether a judgment should be entered under 11 U.S.C. § 303(i) and to determine whether Jackson is entitled to the other relief she seeks.

_____

---

*Jackson requests this Court to take judicial notice of the following documents:

1. Death Certificates of Fredric Forbin Jackson and Sandra Jean Jackson;
2. Sandra Jackson's tax returns;
3. Sandra Jackson's and Fredric F. Jackson's 2001 estate tax returns;
4. Documentation re: Sandra J. Jackson's individual 2001 tax returns;
5. IRS letter re: EIN for Jackson Fam Tr; Petition to Determine Title to Real and Personal Property, Impose Constructive Trust, Surcharge Co-Trustee, Double Damage, Remove Co-Trustee, and Suspend Co-Trustee filed by Rachel Gossett and Jordan Beswick in California state court;

6. California Department of Consumer Affairs Professional Fiduciaries Bureau website document;

7. Assessor County Clerk Recorder document search results;

8. Jackson Family Trust C income tax returns;

9. Jackson Family Trust B income tax returns;

10. Involuntary bankruptcy petition; proof of claim filed by Appellees, Bankr. Case No. 23-41601, Western District of Missouri;

11. Notice of Appeal in In re Christopher Adam Jackson, Bankr. Case No. 15-21564, District of Kansas; Appellant's brief in this appeal; Tenth Circuit Bankruptcy Appellate Panel Order;

12. The Jackson Family Trust filed as Ex. F, Doc. 59-6, in Bankr. Case No. 23-41601, Western District of Missouri;

13. Pleadings filed in California state court re: Trustee certificate;

14. Motion and Order granting relief from the automatic stay to allow Trustee to prosecute a forcible entry and forcible detainer complaint against Christoper Jackson and Chapter Jackson, filed in Bankr. Case No. 15-21564, District of Kansas;

15. Objection to Trustee's Motion for Abandonment of Claims in Bankr. Case No. 15-21564, District of Kansas;

16. Agreed Motion to Extend Time to Object to Trustee's Motion for Abandonment of Claims in Bankr. Case No. 15-21564, District of Kansas;

17. Order Granting Agreed Motion to Extend Time to Object to Trustee's Motion for Abandonment of Claims in Bankr. Case No. 15-21564, District of Kansas;

18. Motion to dismiss Bankr. Adversary Case No. 17-6035, District of Kansas; Order dismissing Bankr. Adversary Case Nos. 17-6019, 17-6030, 17-6031, 17-6035, District of Kansas;

19. Richard Jandt's Petition for Settlement of First Account and Approval of Acts of Interim Trustee, for Review of Bond and for Allowance of Trustee's and Attorney's Fees, in California state court;

20. Objection to Motion to Dismiss, Bankr. Case No. 15-21564, District of Kansas;

21. IRS letter re: EIN Fredric F Jackson Estate;

22. IRS letter re: EIN Jackson Fam Tr C;

23. Objection to Debtor's Motion to Dismiss, Bankr. Case No. 15-21564, District of Kansas;

24. IRS letter re: EIN Jackson Fam Tr B;

25. Objection to Debtor/Appellant's motions, Doc. 59, Bankr. Case No 23-41601, Western District of Missouri;

26. Declarations and evidence filed in California state court re: trustee fees and attorney fees;

27. Motion for Appointment of Receiver in Missouri state court;

28. Petition for Acceptance of Conditional Resignation of Interim Trustee Richard Jandt; Removal of Christopher Jackson as Co-Trustee; and Reappointment of Rachel Gossett and Jordan Beswick as Successor Co-Trustees filed in California state court;

29. Docket for Bankr. Adversary Case No. 17-6035, District of Kansas.