**In re Cynthia Crowther JETT, Chapter 7 Debtor.**

**Bankruptcy No. 96–34107–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 21, 1997.

---

G. Russell Boleman III, Richmond, VA, for Debtor.

Philip C. Baxa, Thomas E. duB. Fauls, Mays & Valentine, Richmond, VA, for Southside Bank.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Bankruptcy Judge.

Debtor moves the court to dismiss the involuntary petition filed against her and seeks an award of damages against the petitioning creditor Southside Bank pursuant to 11 U.S.C. § 303(i).

The court will order dismissal of the petition and award attorney fees in the amount of $12,007.82.

### Facts

On July 30, 1996, Southside Bank as sole petitioning creditor filed an involuntary chapter 7 petition against debtor Cynthia Crowther Jett.

On August 26, 1996, debtor by counsel moved to dismiss the petition for, among other reasons, having been filed in bad faith. Debtor asserted that she had more than 12 creditors and that the petition was filed for the sole purpose of collecting a debt.

At hearing on debtor's dismissal motion Southside Bank's counsel stated in his preliminary remarks that the bank was agreeable to a dismissal of the petition. The court heard evidence from debtor in support of her claim for damages based upon the alleged bad faith filing of the petition. At the conclusion of debtor's evidence the court adjourned the hearing and requested the parties to attempt to agree on the amount of a damage award under Bankruptcy Code § 303(i) upon dismissal of the case.

Subsequently the parties were unable to agree on an award of damages or fees, and the court heard argument on this sole issue during another hearing held on December 6, 1996. At the conclusion of the hearing the court ruled that no punitive damages would be awarded and that the issue of other sanctions, attorney fees or costs would be taken under advisement.

### Conclusion of Law

The only issue remaining then is whether and in what amount the court should make a monetary award to debtor pursuant to 11

U.S.C. § 303(i).[1] Debtor's counsel has filed a motion for award of attorney fees and costs, damages, punitive damages and the cancellation of Southside Bank's costs in the bankruptcy as a charge against the debtor.

Section 303(i) of the Bankruptcy Code provides:

> If the court dismisses a petition under this section *other than on consent of all petitioners and the debtor,* and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> (1) against the petitioners and in favor of the debtor for—
>
>> (A) costs; or
>>
>> (B) a reasonable attorney's fee; or
>
> (2) against any petitioner that filed the petition in bad faith, for—
>
>> (A) any damages proximately caused by such filing; or
>>
>> (B) punitive damages. (emphasis supplied)

11 U.S.C. § 303(i).

■ The court must first consider whether under § 303(i) both the bank and the debtor "consent" to the dismissal of the involuntary petition, since the statute does not provide for recovery by the debtor where there is mutual consent to dismissal.

After the bank filed its petition debtor responded with her motion to dismiss which in an accompanying memorandum argued that the petition had been filed in bad faith and for sanctions against the bank.

Southside Bank filed an opposition to debtor's dismissal motion, which opposed any sanctions but included a request for the court to dismiss the petition. The debtor's motion, originally scheduled for hearing on October 8, 1996, was continued by agreement to November 5, 1996, on which date the bank's counsel acknowledged to the court that the bank was requesting dismissal along with the debtor.

At this point, however, neither the creditor nor the debtor were giving an unqualified consent to dismissal. Rather the debtor sought dismissal along with an award of sanctions against the bank for its allegedly bad faith filing of the petition. The bank sought dismissal on the condition of no damage award. That remained the posture of the case after the most recent hearing on December 6, 1996.

Under these circumstances of conditional consent, the court finds that neither the petitioner bank nor the debtor have consented to dismissal as contemplated by § 303(i). A petitioning creditor's nonopposition to dismissal is not consent under the statute where the debtor seeks damages which are opposed by the creditor. See *R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.),* 951 F.2d 1175 (10th Cir.1991); *Glinka v. Dartmouth Banking Co. (In re Kelton Motors Inc.),* 121 B.R. 166, 186 (Bankr.D.Vt.1990); *contra In re International Mobile Adver. Corp.,* 117 B.R. 154 (Bankr. E.D.Pa.1990), *aff'd,* 1991 WL 156588 (E.D.Pa. Aug. 13, 1991).

Should the court award damages to debtor in this case? At the hearing on December 6, 1996, the court stated from the bench that no punitive damages would be awarded against the bank. This ruling followed from my conclusion that even though the bank's filing of the involuntary petition was questionable, the debtor did not demonstrate that the petition was filed in bad faith.

■ While the bank did not act in bad faith the circumstances here are nevertheless appropriate for an award in the debtor's favor under § 303(i)(1). "[C]osts and attorney fees may be awarded even in the absence of bad faith on the part of the petitioners in an involuntary case." *In re Fox,* 171 B.R. 31, 33 (Bankr.E.D.Va.1994).

The court will therefore consider the two remaining damage claims by debtor under § 303(i)(1).

SANCTIONS

Debtor requests the court to sanction Southside Bank by ruling that the bank may

---

**1.** The court finds it unnecessary to consider debtor's alternative argument that the bank be sub-jected to sanctions under Bankruptcy Rule 2011.

not charge to debtor its attorney fees and costs in pursuing the involuntary petition. Such a charge would, of course, increase the debtor's obligation to the bank.

The bank has not yet made any such charges, and I am unwilling in this case to make the type of prospective ruling that this sanction request would require. Perhaps it will suffice for this court to find that any attempt by Southside Bank to assess against the debtor charges or fees expended by the bank in pursuing the involuntary petition would be highly inequitable.

## ATTORNEY FEES

 Debtor asks for attorney fees and costs expended in the bankruptcy. Her counsel has prepared a schedule of attorney time charges and out of pocket costs which are contained in the court's file. This schedule reflects 77.35 total hours at a charge of $200.00 per hour for a total of $15,470.00. The bank has not challenged counsel's specific charges other than to argue that the $200.00 hourly rate is higher than counsel's regular bankruptcy rate.

The court has reviewed counsel's hourly charges and finds them reasonably necessary and related to the bankruptcy petition. The court will award a total counsel fee of $11,602.50 (77.35 x. $150.00) and will further award debtor's costs as claimed in the amount of $405.32.

A separate order will be entered.

### *ORDER*

For reasons stated in the memorandum opinion entered today,

IT IS ORDERED that the involuntary petition of Southside Bank and is this case is dismissed pursuant to 11 U.S.C. § 303(j)(1).

IT IS FURTHER ORDERED that judgment is entered in favor of debtor Cynthia Crowther Jett against Southside Bank pursuant to 11 U.S.C. § 303(i)(1) in the amount of $12,007.82 for debtor's attorney fees and costs incurred in this bankruptcy case.