**In re Michael E. JACKSON, Debtor.**

**Bankruptcy No. 86–00473–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 3, 1986.

Stuart I. Levin, Wood, Lucksinger & Epstein, P.C., Miami, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., for petitioning creditors and for the Trustee.

Douglass E. Wendel, Palm Beach, Fla., Trustee.

Kenneth B. Crenshaw, P.A., Lake Worth, Fla., for Amos Jackson.

## ORDER DENYING DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION

THOMAS C. BRITTON, Chief Judge.

The debtor's motion (C.P. No. 22) to dismiss the involuntary petition filed in this case was heard on December 2.

No answer was filed in response to the involuntary petition and on March 24, 1986 an order for relief was entered (C.P. No. 4). This motion was not filed until October 30, 1986, long past the time permitted for a motion for rehearing or reconsideration.

■ Although the debtor has not alleged any jurisdictional defect in the order for relief, at the hearing he argued that the execution of the involuntary petition failed to comply with the requirements of B.R. 9011(a) and (c), which require that the petition be signed by an attorney for the creditors and verified by a creditor. Movant argued that the alleged defect in execution was a jurisdictional defect which rendered the involuntary petition and all proceedings taken with respect to it a void nullity. He has cited 2 *Collier on Bankruptcy*, ¶ 303.15[11] (15th Ed.1986). I disagree.

The text in question does not assert that such a defect is jurisdictional. If the execution of this involuntary petition was incomplete or faulty in any respect, that defect should have been raised by motion or answer before the order for relief became final.

■ The debtor's second ground is that he has since filed a voluntary petition and, therefore, no harm would be suffered by any party in the event that the order for relief is vacated and the original involuntary petition is dismissed. Again, I disagree. The effective date of the involuntary petition is substantially earlier than the date of the subsequent voluntary petition. The effect of substituting the latter for the former would be to deprive the United States of its substantial tax claim, a

result which would indirectly but substantially affect other parties.

The motion is denied.