**SCRAP METAL BUYERS OF TAMPA, INC., Appellant,**

v.

**CHARLES BLUESTONE COMPANY, INC., Southland Express, Inc., Pavlich, Inc., Pentech Alloys, Inc., James Weisman, Paul Haveson, Robert Pulley, Appellees.**

No. 97–300–CIV–T–17C.
Bankruptcy No. 92–14375–8B7.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 14, 1997.

John D. Goldsmith, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, for Appellant.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Appellees.

## APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

### ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on an appeal from the Bankruptcy Court's order denying Scrap Metal Buyers of Tampa, Inc.'s Motion for Determination of Attorney's Fees and Costs, Motion for Sanctions Pursuant to Rule 9011, and Motion for Compensatory and Punitive Damages for Petitioning Creditors' Bad Faith Filing. U.S. Bankruptcy Court Judge Thomas E. Baynes, Jr. entered the order appealed on November 20, 1996.

### STANDARDS OF APPELLATE REVIEW

This Court's standard of review of the Bankruptcy Court's findings of fact is clearly erroneous. The burden is on the appellant to show that a finding is clearly erroneous, *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir.1969), Bankruptcy Rule 8013, and a reversal of a finding is only proper when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Furthermore, the Bankruptcy Court must make all necessary findings of fact. Appellant is entitled to an independent *de novo* review of all conclusions of law. However, due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses." If the Bankruptcy Court is silent or ambiguous as to an outcome determinative fact, then this Court must remand the case back to the Bankruptcy Court for further review. *In Re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990).

### BACKGROUND

On March 13, 1991, an Involuntary Petition was filed against Scrap Metal Buyers of Tampa, Inc. (Scrap Metal) by three petitioning creditors: Charles Bluestone Company (Bluestone); Pentech Alloys, Inc. (Pentech); and Pavlich, Inc. (Pavlich). Southland Express, Inc. (Southland) filed a joinder on June 28, 1991, bringing the total number of petitioning creditors to four. Following a four day final evidentiary hearing, the Bankruptcy Court granted the Debtor's Motion for Involuntary Dismissal. In its order dismissing the Involuntary Petition, the Bankruptcy Court found that each of the four Petitioning Creditors made a *prima facie* case that it was the holder of a claim, although there was some dispute as to the specific amounts owed at the time of the filing of the petition. However, the Bankruptcy Court found the Petitioning Creditors failed to present *prima facie* evidence that Scrap Metal was not generally paying its debts as they came due, as is required in an involuntary bankruptcy action under 11 U.S.C. § 303.

Although the Bankruptcy Court granted the Motion to Dismiss at the close of the Petitioning Creditors' case, the Bankruptcy Court found there was not sufficient evidence to support a finding that the petition was filed in bad faith. Therefore, the Bankruptcy Court held a final evidentiary hearing to permit Scrap Metal an opportunity to present sufficient evidence to prove the Petitioning Creditors acted in bad faith. At the conclusion of that hearing, the Bankruptcy Court found that the filing of the Involuntary Petition was reasonable under the circumstances and found no improper motive on the part of any of the Petitioning Creditors or their counsel. Subsequently, the Bankruptcy Court denied any award of attorney's fees and costs. Scrap Metal, as the Debtor and prevailing party in an involuntary bankruptcy action, appeals from this decision.

### ISSUES

I. Whether the Bankruptcy Court erred in failing to find the Petitioning Creditors violated Rule 9011?

II. Whether the Bankruptcy Court erred in failing to find the Petitioning Creditors filed the Involuntary Petition in bad faith?

III. Whether the Bankruptcy Court erred in failing to award attorney's fees and costs to Scrap Metal as the prevailing party in an Involuntary Petition?

## DISCUSSION

The first matter for discussion is whether the Bankruptcy Court failed in finding that Rule 9011 was not violated. The Appellant argues that there are two "specific and indisputable violations" of Rule 9011. The first violation asserted by the Appellant is that only one of the three Petitioning Creditors signed the petition. He further asserts that neither Pavlich, Pentech nor their attorneys signed the petition. This contention is not supported by the findings of the underlying court. The Bankruptcy Court specifically notes that "Mr. Weisman (Bluestone's attorney) contacted Pentech about joining the Involuntary Petition and was retained to represent Pentech", *Mem. Op.* at 11. Mr. Weisman could therefore sign the petition on behalf of both Bluestone and Pentech. Furthermore, Mr. Pavlich testified that he relied on both Pavlich's own attorney and Mr. Weisman for advice on filing. More important, the alleged defect that the Involuntary Petition was not signed by all of the creditors should have been raised by motion or answer before the order for relief became final under 11 U.S.C. § 303. *In Re Jackson,* 68 B.R. 218 (Bankr.S.D.Fla.1986). Further still, it has been held on appeal that at least one Bankruptcy Court abused its discretion in ordering sanctions under Rule 9011 against an attorney who did not sign a pleading since the only circumstance under which such sanctions should be imposed against a party not signing pleadings is where the court decides sanctions should be imposed upon the client. *In Re De Lorean Motor Co. Litigation,* 59 B.R. 329 (E.D.Mich.1986).

The second violation asserted by the Appellant is that the Petitioning Creditors knowingly put on false testimony and continued to prosecute the case after Pentech lost the state court case to Scrap Metal. This contention also fails to withstand scrutiny.

The Appellant argues that Mr. Harrell knowingly put on false testimony in that he claimed Scrap Metal owed Pentech over $40,-000.00 one week after Scrap Metal was awarded a judgment of $137,338.36 in a state court case. The state case was related to PCB contamination, not indebtedness, and Mr. Harrell's testimony was offered to explain why he could not afford to defend the state court case. The state court judgment was rendered approximately one year after the Involuntary Petition was filed, and subsequently, was not an issue at the time of the filing. Also, while Mr. Yob, President of Scrap Metal, disputed the debt by introducing the default judgment for damages from alleged PCB contamination, he acknowledged that he first became aware of the alleged PCB contamination after the Involuntary Petition was filed.

With regards to the contention that continuing to prosecute the case after Pentech lost the state court case was a further violation of Rule 9011, it is important to note that the Eleventh Circuit has determined that Rule 11 does not impose a "continuing obligation" on a party to amend a complaint, so long as the complaint was reasonably interposed in the first place. *Corp. of the Presiding Bishop v. Associated Contractors, Inc.,* 877 F.2d 938, 943 (11th Cir.1989). Because Rule 9011 tracks the present tense language of Rule 11, the former also does not impose a continuing obligation on the party to amend the complaint. *In Re General Plastics Corp.,* 170 B.R. 725, 732 (Bankr. S.D.Fla.1994). Thus, it has been found that Rule 9011 does not impose a continuing obligation to obtain more information or reevaluate one's position after the petition has been filed. *In Re Mroz,* 65 F.3d 1567, 1574 (11th Cir.1995). Accordingly, continuing to prosecute the Involuntary Petition after the state court judgment was rendered is not a violation of Rule 9011.

The second matter for discussion is whether the Bankruptcy Court erred in failing to find bad faith on the part of the Petitioning Creditors. Rule 9011 authorizes sanctions "when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith

or for an improper purpose." *Mroz*, 65 F.3d at 1572. The first question a court must answer when reviewing conduct under Rule 9011 is "whether the party's claim is objectively frivolous, in view of the law or facts . . ." *Id.* at 1573. If the lawsuit is frivolous, the court must then consider whether the person signing the document should have been aware that it was frivolous. *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir.1992).

■ The Bankruptcy Court's finding that each creditor established a *prima facie* case that a claim was owed, along with the testimony, under oath, that each creditor was primarily interested in doing only what was necessary in order to secure payment of their respective debts, is entirely contrary to a finding of bad faith in the filing. The amount in dispute in this case is significant, and filing the Involuntary Petition in hopes of recovery is not a frivolous matter in the eyes of this Court.

■ The bankruptcy code permits sanctions only if the objectionable court paper is signed in violation of the rule. "Accordingly, the court's inquiry should only focus on the merits of the pleading gleaned from the facts and law known or available to the attorney at the time of the filing." *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir.1995). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir.1993).

■ A complaint is factually groundless, and merits sanctions, where the plaintiff has absolutely no evidence to support its allegations. *In Re General Plastics Corp.*, 170 B.R. at 731. In the present case, this Court has reviewed the evidence extensively and concurs with the Bankruptcy Court's opinion that, taking into consideration the information available to the Petitioning Creditors at the time of the filing, the petition was not filed in bad faith. This Court also agrees with the Bankruptcy Court's conclusion that the use of the Involuntary Petition was rea-

sonable under the circumstances, and finds no improper motive on the part of the Petitioning Creditors.

■ The final matter for discussion is whether the Bankruptcy Court erred in failing to award attorney's fees and costs to Scrap Metal as the prevailing party in an Involuntary Petition. The Appellant argues that the Memorandum Opinion clearly shows that the Bankruptcy Court did not decide independently whether to award attorney's fees, but expresses the opinion that a finding of bad faith is required for an award of attorney's fees and costs under 11 U.S.C. § 303. In reading the Memorandum Opinion, this Court finds the Bankruptcy Court's language to be unclear and ambiguous, and therefore finds the Appellant's interpretation to be reasonable.

The relevant provisions of 11 U.S.C. Section 303 provide:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(C) any damages proximately caused by . . . title; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

As mentioned previously under the standards of review section, if the Bankruptcy Court is silent or ambiguous as to an outcome determinative fact, then this Court must remand the case back to Bankruptcy Court for further review. *In Re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990). Such is the case here.

## CONCLUSION

The Court having reviewed the record in this cause affirms the determinations of the

Bankruptcy Court with respect to the first two issues. Since this Court is unsure as to the determinative fact of the Bankruptcy Court's opinion regarding the awarding of attorney's fees and costs, this Court remands this case back to the Bankruptcy Court for further proceedings. Accordingly, it is

**ORDERED** that the Order on Scrap Metal's Motion for Sanctions Pursuant to Rule 9011, and Motion for Compensatory and Punitive Damages for Petitioning Creditor's Bad Faith Filing entered on November 20, 1996, be **affirmed.** It is further

**ORDERED** that the case be remanded to the Bankruptcy Court for a redetermination of whether attorney's fees and costs should be awarded in this case, based on the ambiguousness of the Bankruptcy Court's original opinion in regard to this issue.