**In re SBA FACTORS OF MIAMI, INC., Debtor.**

**Bankruptcy No. 81–00580–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

July 17, 1981.

Francis L. Carter, Miami, Fla., for SBA Factors of Miami, Inc.

Philip Dennis, for Venture Group, Inc.

H. Lawrence Asher, North Miami Beach, Fla., for Classic Printers, Inc.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

A single creditor, Classic Printers, Inc., with a claim of $29,000, has filed an involuntary petition against this debtor under 11 U.S.C. § 303(h)(1). (C.P. No. 1). The alleged debtor has denied the material allegations and has counterclaimed for costs, fees and damages, actual and punitive, alleging that the petition is groundless, improper and filed in bad faith. (C.P. No. 4). At the trial, two other creditors, Venture Group, Inc., with a claim of $69,000 and Philip Dennis, Venture's representative, with a personal claim of $8,100, each joined as petitioning creditors.

It is petitioners' burden to establish that at the time this petition was filed, April 16, 1981,

"the debtor [was] generally not paying such debtor's debts as such debts became due."

Petitioners completely failed to carry that burden.

The only evidence before me that SBA Factors owes anything to Venture Group or Dennis is the statement of Dennis that there was a default by a third party on an account receivable sold by SBA to Venture Group. There is no evidence before me that SBA guaranteed any debt owed Venture Group. Florida's Statute of Frauds requires that such an obligation be in writing and signed by the debtor. § 725.01, Florida Statutes. No such document has been produced and there is no evidence of the kind of part performance which would make a writing unnecessary. The conduct relied upon must be referable exclusively to the oral contract. *Miller v. Murray*, Fla. 1953, 68 So.2d 594, 596. There is no evidence SBA has ever been billed by either Venture or Dennis.

Classic Printers, the original petitioner, also relies on an implied or oral undertaking by SBA to pay the debt of another party. It has had about 20 transactions with SBA over the past year. It has been paid some $93,000 by Classic in the course of those transactions. Though Classic now says it is owed $29,000, it has not yet invoiced SBA for any part of this sum.

SBA has produced all invoices received by it for six months before this petition was filed together with cancelled checks reflecting payment of every invoice. Its bank statements for that same period reflect an average of some 60 checks a month with no overdrafts. If it has ever had any overdue accounts, this record does not show them.

SBA denies any indebtedness to each of these petitioners. The fact that their claims are disputed does not destroy petitioners' standing to file this involuntary proceeding. However, failure to pay several claims, disputed in good faith, does not prove that the debtor is generally not paying its debts as they become due. The evidence before me is insufficient to take these claims out of the Statute of Frauds and SBA's denial of these claims is, at least, a plausible defense.

This petition must, of course, be dismissed.

Petitioners are using this involuntary proceeding as a substitute for customary collection procedures. Neither the principal of Classic nor Dennis made any effort to determine the number or amount of SBA's debts, whether or when they were being paid, whether there were suits or judgments pending, or any other indicia that SBA was generally not paying its debts. Classic's principal has candidly conceded:

"I didn't get any information. I just mentioned I got the feeling from all the information I received which I just related to you that it gave me a feeling that they weren't a strong company and probably in trouble because of those developments." Roskin deposition, pages 18–19.

An allegation of bankruptcy is a charge that ought not to be made lightly. It usually chills the alleged debtor's credit and his sources of supply. It can scare away his customers. It leaves a permanent scar, even if promptly dismissed. It is also obvious that the use of the bankruptcy court as a routine collection device would quickly paralyze this court.

For these reasons, § 303(i)(1) permits the assessment of costs, a reasonable attorney's fee or, if a trustee was appointed (which was not the case here), the actual damages sustained by the debtor. Section 303(i)(2) also permits the assessment of actual and punitive damages against any petitioner that filed in bad faith whether or not a trustee was appointed.

I find that each of the petitioners has filed or joined in the filing of this petition in bad faith, but the alleged debtor has failed to prove any actual damage. This circumstance casts some doubt as to the permissibility of punitive damages, though there may be a question today whether compensatory damages are always a necessary prerequisite to punitive damages.

Punitive damages are inappropriate here for a different reason. The purpose of punitive damages is to deter repetition of the defendant's conduct. In this instance and I suspect, in most such cases, the petitioning creditors probably acted on poor legal advice. If so, assessment of punitive damages against the client would be an inefficient deterrent. The assessment of costs and attorney's fees should be an adequate deterrent so far as these petitioners are concerned. The amount of the debtor's costs and a reasonable attorney's fee will be fixed on motion.

As is required by B.R. 921(a), a separate judgment will then be entered dismissing this involuntary petition and assessing the debtor's costs and attorney's fee against the petitioners Classic Printers, Inc., Venture Group, Inc. and Philip Dennis, jointly and severally.