**In re ALLEN ROGERS & CO., Debtor.**

**Bankruptcy No. 83 B 12003.**

United States Bankruptcy Court,
S.D. New York.

Nov. 21, 1983.

See also 30 B.R. 27.

Ballon, Stoll & Itzler, New York City, for debtor.

Raymond Parker, Petitioning Creditor.

Lewis Shabason, Petitioning Creditor.

## DECISION ON APPLICATION FOR FEES AND COSTS IN VIEW OF DISMISSAL OF INVOLUNTARY CHAPTER 7 PETITION

EDWARD J. RYAN, Bankruptcy Judge.

An order dated June 15, 1983 was entered by this court dismissing the involuntary petition for relief under Chapter 7 filed against Allen Rogers & Co., Inc. (Allen Rogers).[1] Additionally, this court directed that a hearing be held on July 11, 1983 pursuant to section 303(i) of the Bankruptcy Code to determine if and to what extent judgment should be entered against the petitioners and in favor of the alleged debtor for costs, reasonable attorneys fees and, in connection with a finding of bad faith, any damages proximately caused by the filing of the petition and punitive damages.

1. The pertinent facts of this case are contained in this court's decision dated May 20, 1983. 30 B.R. 27.

2. Section 303(b) provides:

In light of the testimony and other evidence adduced at the aforesaid hearing, the court finds that the request by the debtor for recovery of costs, fees, and damages against the two remaining creditors, Mr. Raymond Parker and Mr. Louis Shabason, should be denied.

Section 303(i)(1) and (2) provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs;

(B) a reasonable attorney's fee; or

(C) any damages proximately caused by the taking of possession of the debtor's property by a trustee appointed under subsection (g) of this section or section 1104 of this title; or;

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

11 U.S.C. § 303(i)(1), (2) (1978).

These provisions grant the court case by case discretion as to whether costs and fees should be awarded the debtor upon its successful defense against an involuntary bankruptcy petition. If, as debtor urges, Congress intended that in every unsuccessful attempt to obtain an order for relief costs and fees should be levied against the petitioning creditors, the wording under the statute would provide: The court *shall* grant costs and reasonable attorney's fees. Such an interpretation no doubt would put a chill upon the legitimate methods of relief granted to creditors under section 303(b).[2]

The petition was filed by George Calcagno (Calcagno), Jacob Kahn (Kahn), Lewis

(b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or

Shabason (Shabason), Pearl L. Smagley (Smagley) and Raymond E. Parker, Jr. (Parker).

Prior to a trial of the issues raised by the said involuntary petition and the answer thereto filed by the debtor, Calcagno, Kahn and Smagley voluntarily withdrew as petitioning creditors.

Although Parker was the moving force and instigator behind the filing of the involuntary petition for relief herein, the court rejects the contention that his thirst for what should be conceived to be justice had become an *idee fixe*. The testimony of the witness Walter Bull was quite exaggerated.

Each of the original petitioning creditors was induced to sign the petition by Parker on the representation by Parker that filing of an involuntary petition for relief under the Bankruptcy Code was the best method for the petitioning creditors to receive payment of their respective alleged indebtedness. The evidence did not refute the soundness of that representation.

■ Bad faith on the part of a petitioning creditor is not a condition precedent to an award for costs and attorneys' fees in an involuntary bankruptcy case. *In re Camelot, Inc.*, 25 B.R. 861, 865 (Bkrtcy.Tenn. 1982).

■ Although bad faith need not be shown for this court to award judgment against the petitioners and in favor of the debtor under section 303(i)(1), the relief is discretionary and not appropriate here.

■ Parker and Shabason did not use the involuntary proceeding as a substitute for customary collection procedures. *See In re SBA Factors of Miami, Inc.*, 13 B.R. 99, 100 (Bkrtcy.Fla.1981). The testimony of Mr. Parker, a layman, showed that he had frequent contacts with his brother, Donald, an attorney, in regard to the filing of the petition, and had considered and sought to meet the filing requirements under 11

U.S.C. § 303(b). Mr. Parker had no way of foreseeing the possibility of three creditors dropping out before the trial date. The debtor was not paying his debts as they became due. The testimony of Mr. Walter Bull established that currently there are at least twenty-five creditors of Allen, Rogers.[3]

Essentially, the debtor's claim is that the failure of Parker and Shabason to produce a sufficient number of creditors at trial is sufficient cause to award the debtor costs and fees under 11 U.S.C. § 303(i)(1). More than that must be shown before the creditors should be penalized for utilizing the bankruptcy process.

It appears that with good cause, the debtor has abandoned the claim for punitive damages under 11 U.S.C. § 303(i)(2).

Accordingly, the application of the debtor is denied.

Settle an order directing entry of judgment with a proposed judgment for the clerk to enter.

---

an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such

person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 such claims; . . . .

**3.** Record pp. 58, 90.