**In re Dennis ANDERSON, William Mabry & Daniel J. Shrader, Alleged Debtors.**

**Bankruptcy No. 88–04143–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Feb. 15, 1989.

Joseph W. Dicker, Minneapolis, Minn., for alleged debtors.

Douglas S. Evans, Springfield, Mo., for petitioning creditors.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Petitioning creditors filed an involuntary petition against debtors. Debtors resisted and the petition was dismissed by the Court after hearing. Debtors did not waive their right to judgment under 11 U.S.C. § 303(i)(1) and have now moved this Court for the award of attorney fees and have further moved that the Court issue an injunction against petitioning creditors requiring them "to advise national credit bureaus of the dismissal of the case". Although debtors have appealed this Court's decision of dismissal to the extent that said decision held that petitioning creditors were not acting in bad faith in the filing of the involuntary petition, there has been no request for rehearing or stay. The Court will, therefore, proceed to a ruling on debtors' joint motion.

 The request for injunctive relief under 11 U.S.C. § 105 is the easier disposed of issue presented by debtors and will be treated first. Before a Bankruptcy Court should grant injunctive relief under the broad powers afforded it in § 105, the requesting party must demonstrate at least the likelihood of irreparable injury to it, as well as the lack of any other adequate remedy or alternative that will protect it. Debtors presented no evidence of either. Debtors' request in fact stated:

"Here the Court may take judicial notice of the adverse consequences upon the Debtors' credit ratings resulting from being party to an involuntary bankruptcy proceeding".

That falls far short of the quantum and quality of evidence which the Court believes is necessary to invoke its injunctive power. Likewise, debtors' request states:

"The only way to assure that Debtors will not suffer further harm is to require the Petitioners to notify all national credit bureaus of these circumstances. Equity requires no less".

The Court disagrees. Equity requires a party to appear not only with "clean hands" but displaying reasonable diligence and due vigor. There is absolutely no evidence before the Court that debtors themselves have attempted to notify "all national credit bureaus" or that any national credit bureau is reporting the involuntary bankruptcy, or even that debtors are in a continuing business at this time. Were said factors present, and proved, the Court might be inclined to exercise said power, but only upon proof thereof. Debtors' Motion For Injunction is DENIED.

 The second portion of debtors' Motion requires somewhat more exposition. Since the effective date of 11 U.S.C. § 303(i)(1) the Court has had considerable discretion in the award of costs or attorney fees. Two somewhat disparate lines have been developed by the courts as to the award of costs or attorney fees. The first line has held that the award is a natural consequence of dismissal, or post hoc propter hoc principle. This view seems to start with *In re Howard, Neilsen & Rush, Inc.,* 2 B.R. 451 (Bkrtcy.M.D.Tenn.1979) but continued in such cases as *In re Advance Press & Litho, Inc.,* 46 B.R. 700 (D.Colo. 1984). Opposed to that view are the cases of which *In re Allen Rogers & Company,* 34 B.R. 631 (Bkrtcy.S.D.N.Y.1983) and *In re Nordbrock,* 772 F.2d 397 (8th Cir.1985) are representative. They hold that award of costs or attorney fees are not automatic, but are discretionary. However, the peculiar circumstances of the Eighth Circuit case indicate that the attorney fees being discussed were not for the proceedings in the Bankruptcy Court where attorney fees were awarded (*Id.,* l.c. pg. 399, ¶ 2) but as to attorney fees incurred in the petitioning creditor's unavailing appeal to the District Court. Nevertheless, the broad statement made therein, leads this Court to believe that the rule in the Eighth Circuit follows the second line of cases as pointed out above:

"A motion for attorneys' fees under 11 U.S.C. § 303(i) is addressed to the discretion of the court ..." *Id.*, l.c. pg. 400. Having come to this conclusion, the Court next addresses itself to the issue of whether attorney fees should be awarded in this case under all the circumstances.

■ Petitioning creditors advanced a rather unique theory, first as to whether an involuntary petition can be filed against more than one person where holy wedlock is not present and, second, whether the individual officers are personally liable where a foreign corporation's charter has been terminated. However, he who espouses new and unique theories is somewhat like Benjamin Franklin flying his kite in the rain. That is to say, if everything works out well, great acclaim and fame befalls the brave explorer of scientific frontiers. Conversely, if a full charge of electricity traverses the wet string and electrocutes the holder, that party is regarded more as a fried fool than a scientific explorer. So leading one to conjecture that Isaac Newton would not have been so widely acclaimed as the discoverer of gravity, had he had only tall coconut palm trees under which to sit.

Unfortunately for petitioning creditors, their experiment along the uncharted edge of bankruptcy jurisdiction, led not to acclaim but to failure. They attempted to push the boundaries unsuccessfully. While this Court held there was insufficient evidence to decree "bad faith" upon their efforts, debtor has improperly been required to defend successfully and to expend costs and attorney fees to do so. To allow petitioning creditors to try out their theories, even though unique, on a nonvoluntary guinea pig requires them to pay at least the out of pocket cost of defending forced by them on their selected victim. The Court can visualize limited circumstances where the award of costs and attorney fees would not be warranted. This case is not one that falls within those very narrow guidelines.

Debtors are, therefore, awarded reasonable attorney fees and expenses. Debtors shall submit a verified and itemized bill for attorneys' fees and expenses for the Court's review and approval within fifteen (15) days. A copy thereof shall be supplied to counsel for petitioning creditors.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.