**In re Stephen H. FOX, Alleged Debtor.**

**Bankruptcy No. 93–41281–T.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

April 29, 1994.

Cecelia Ann Weschler, Weinberg & Stein, Norfolk, VA, for alleged debtor.

Paul K. Campsen, Ellen C. Carlson, Kaufman & Canoles, P.C., Norfolk, VA, for Crestar Bank.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on March 24, 1994, on alleged debtor's motion for attorney fees following dismissal of the involuntary chapter 7 bankruptcy petition filed by Crestar Bank and joined by Old Point National Bank. Crestar Bank objected to the motion and filed a separate motion to dismiss. The court took the matter under advisement following argument of counsel. For reasons stated in this opinion the court will allow a portion of the alleged debtor's attorney fees against the petitioning creditor Crestar.

### Findings of Fact

On June 17, 1993, Crestar Bank filed an involuntary chapter 7 petition against the alleged debtor pursuant to 11 U.S.C. § 303. The alleged debtor Fox filed an answer pursuant to Fed.R.Bankr.P. 1003(b) which included a list of 32 creditors in addition to Crestar Bank.

On July 2, 1993, Fox filed a motion for summary judgment dismissing the petition which motion asserted that Crestar needed two more creditors to join in the petitions because the alleged debtor had at least 12 creditors. See 11 U.S.C. § 303(b)(1) and (2).[1]

On September 13, 1993, Old Point National Bank moved to intervene in the involuntary chapter 7 petition of alleged debtor Stephen H. Fox.

---

1.     (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
　　(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, is such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
　　(2) if there are fewer than 12 such holders excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims;
11 U.S.C. § 303(b)(1)–(2).

By memorandum opinion and order entered October 21, 1993, 162 B.R. 729, the court dismissed the involuntary petition, and the case was closed by order entered on December 16, 1993. On January 14, 1994, Fox brought this motion for costs and attorney fees against the petitioning creditors[2] pursuant to 11 U.S.C. § 303(i).

In connection with Crestar's involuntary petition, Fox has incurred attorney fees in the amount of $6,696.75.

### Discussion and Conclusions of Law

■ Fox seeks to enforce a specific section of the bankruptcy code. Thus, the court has jurisdiction over this motion even though the case has been closed. *See In re Banks-Davis,* 148 B.R. 810, 812–13 (Bankr.E.D.Va. 1992) (jurisdiction is retained when party is claiming a right or remedy created by a specific section of bankruptcy code); *In re Ross,* 135 B.R. 230, 234 (Bankr.E.D.Pa. 1991).[3]

Section 303(i) of the Bankruptcy Code provides:

If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

11 U.S.C. § 303(i).

■ Crestar asserts that few cases assess costs and attorney fees absent a showing of bad faith by the petitioners, citing *In re West Side Community Hosp., Inc.,* 112 B.R. 243, 258 (Bankr.N.D.Ill.1990). Since Fox has failed to show bad faith on the part of the petitioners, Crestar argues, neither costs nor attorney fees should be awarded.

However, the better and apparently prevailing view is that costs and attorney fees may be awarded even in the absence of bad faith on the part of the petitioners in an involuntary case. See the comprehensive discussion of the issue by Judge Fox in *In re Ross,* 135 B.R. at 230, 236. *See also In re Reid,* 854 F.2d 156, 160 (7th Cir.1988); *In re West Side Community Hosp., Inc.,* 112 B.R. at 258.[4]

■ Thus, a bankruptcy court is left to its own discretion as to whether costs and attorney fees should be awarded pursuant to § 303(i)(1), and the result is properly determined by a totality of circumstances test. *In re Ross,* 135 B.R. at 237–39. Moreover, once the alleged debtor establishes the case has been dismissed, the burden shifts to the petitioning creditors to present evidence to support disallowing costs and attorney fees; unless the petitioners can overcome their burden, the court may "routinely" allow costs and attorney fees to the alleged debtor. *In re Ross,* 135 B.R. at 238.

■ A brief review of the history of this case will be helpful.

---

**2.** The alleged debtor's motion does not specify a particular party against whom the court should award costs and attorney fees. He merely asks for costs and fees "incurred in defending himself against Crestar Bank's involuntary petition." The court construes the alleged debtor's motion as seeking relief against all petitioning creditors. *See* 11 U.S.C. § 303(i)(1). In the instant case, the petitioning creditors are Crestar Bank and Old Point National Bank.

**3.** This disposes of Crestar's first objection, which was the court's lack of subject matter jurisdiction. Crestar also argues the doctrines of res judicata and equitable estoppel preclude the al-

leged debtor from recovery under § 303(i). The court believes these arguments are without merit, and they will not be addressed in this opinion.

**4.** That a bad faith finding is not required for the award of costs and attorney fees is evident from the face of the statute. Section 303(i)(1) states that the court *may* award costs or an attorney fee; § 303(i)(2) provides separately for an award of damages or punitive damages against a petitioner who files in bad faith. *In re Kidwell,* 158 B.R. 203, 217 (Bankr.E.D.Cal.1993). *See In re Fox Island Square Partnership,* 106 B.R. 962, 967 (Bankr.N.D.Ill.1989).

Crestar filed the involuntary petition on June 17, 1993. Fox's answer to the petition, which revealed he had 32 creditors, was filed on July 2, 1993; on this same date, his counsel filed a motion for summary judgment of dismissal. Following a pretrial conference, a hearing on Fox's summary judgment motion was held before the court on September 14, 1993. At the time of hearing, only one additional creditor had moved to support the involuntary petition (Old Point National Bank by motion to intervene filed September 13, 1993).

On October 19, 1993, the court filed an opinion and judgment order granting Fox's motion and dismissing the petition pursuant to § 303(b)(1) and (2) because Fox had more than 12 creditors, and there were only two petitioning creditors.

Essentially, the only issue on dismissal of the case was whether creditors having minimal and recurring claims should be treated as creditors for purposes of § 303(b)(1) and (2). Although there was case authority on both sides of the issue, a previous opinion from the Bankruptcy Court of the Eastern District of Virginia had held that small, recurring claims were to be considered, and this court followed that previous ruling in holding that Fox had more than 12 creditors. *See In re Reid,* 107 B.R. 79 (Bankr.E.D.Va. 1989).

In support of its opposition to the allowance of Fox's attorney fees, Crestar relies upon what it asserts was Fox's inequitable conduct prepetition, which gave Crestar little choice except to file an involuntary bankruptcy petition. According to affidavits submitted by Crestar officials, Fox had met with bank representatives several times during the months preceding the filing of the petition in an effort to restructure his indebtedness to the bank. During these meetings Fox had stated that Crestar was his only creditor. Additionally, Fox had provided financial statements to the bank reflecting that he did not have more than 12 creditors.[5]

Based upon the unrefuted affidavits of Crestar's officers, the court cannot fault

Crestar for its initial filing of the petition. Moreover, once Crestar was presented with Fox's answer reflecting more than 12 creditors, the bank should have had a reasonable time to solicit additional petitioning creditors.

The court finds that Crestar should have known by August 31, 1993, whether it would be successful in recruiting two additional petitioners, and once this became apparent, the case moves into another realm. Crestar, on notice that this court could well follow Judge Bostetter's *Reid* opinion, took a calculated risk by persisting in its petition and causing Fox to incur substantial additional attorney fees. Given the prior opinion from this district, I do not consider that the dismissal issue was a "close call." *See In re Ross,* 135 B.R. at 238.

Under these circumstances, the court will enter an order requiring Crestar to pay Fox's reasonable attorney fees incurred in the case after August 31, 1993, up through October 21, 1993, the date when his counsel received the court's opinion and order dismissing the case. The court will allow no fees with respect to the controversy over the fees.

The court requests counsel for Mr. Fox to submit a new fee application in conformity with this opinion.

---

5. Affidavits of Phelps and Loeslin dated March 22, 1994; affidavit of Loeslin, September 10, 1993.