### In the Matter of SCRAP METAL BUYERS OF TAMPA, INC., Debtor.

### Bankruptcy No. 91–3177–8B7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 27, 1999.

John D. Goldsmith, Tampa, FL, for debtor.

Michael C. Markham, Clearwater, FL, James Weisman, Pittsburgh, PA.

## ORDER ON REMAND

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

This court, on November 20, 1996, entered a Memorandum Opinion denying Scrap Metal Buyers of Tampa Inc.'s Motion for Determination of Attorney's Fees and Costs, Motion for Sanctions Pursuant to rule 9011, and Motion for Compensatory and Punitive Damages for Petitioning Creditors' Bad Faith Filing ("303(i) Opinion") in the above captioned involuntary bankruptcy case. From that opinion, a notice of appeal was filed by the involuntary debtor, Scrap Metal Buyers, Inc. ("Scrap Metal").

On November 14, 1997, in an Order on Appeal, the United States District Court

**164**

for the Middle District of Florida remanded.[1] The District Court affirmed this Court's Opinion on all issues except one. On remand, this Court will consider the sole issue of whether the Court should authorize an award of attorney's fees and costs to Scrap Metal, in the absence of finding bad faith on the part of the Petitioning Creditors,[2] under 11 U.S.C. § 303(i)(1).

## INTRODUCTION

The issue before the Court is whether to exercise its discretion under § 301(i)(1) to authorize attorney's fees and costs to the alleged debtor in this case because it succeeded in gaining a dismissal of the involuntary petition in this case. In its 303(i) Opinion, this Court concluded the Petitioning Creditors had not acted in bad faith, and also chose not to exercise its discretion to award Scrap Metal attorney's fees and costs.[3] The District Court specifically found this Court's ruling on fees and costs contained ambivalent language, and remanded. In this Order, a standard for awarding discretionary attorney's fees and costs under § 303(i)(1) in the absence of a finding of bad faith is adopted.

## DISCUSSION

The Court begins by noting there is no Eleventh Circuit Court of Appeals authority as to attorney fees in involuntary cases in the absence of bad faith. Courts generally agree the decision to award § 303(i)(1) attorney's fees and costs falls squarely within the discretion of the trial court.[4] Further, they agree a finding of bad faith is not necessary to a § 303(i)(1) award.[5] Some courts articulate a specific standard to use when making the § 303(i)(1) determination,[6] and most of the decisions on

1. Order on Appeal, *Scrap Metal Buyers of Tampa, Inc. v. Charles Bluestone Co.*, 214 B.R. 509 (M.D.Fla.1997).

2. The Petitioning Creditors in this case include Charles Bluestone Company (Bluestone), Pentech Alloys, Inc. (Pentech), and Pavlich, Inc. (Pavlich).

3. Memorandum Opinion, In re Scrap Metal Buyers of Tampa, Inc., slip op. at 31, (Bankr. M.D.Fla. Nov. 20, 1996). The grounds for the ruling on fees and costs were not articulated. This Court believed the facts were clear to all that, while the efforts of the Petitioning Creditors did not meet the exacting standard for success in an involuntary case, the alleged Debtor had hidden vital information, or had lead the Petitioning Creditors astray, on more than one occasion during the litigation. *See* 1 *Pomeroy's Equity Jurisprudence* § 397 (Bancroft–Whitney 1905).

This Court's understanding that such an award is not only discretionary, but also that it does not require a finding of bad faith, was admittedly not specified in the language of the 303(i) Opinion.

4. *See, Susman v. Schmid (In re Reid)*, 854 F.2d 156, 159–61 (7th Cir.1988); *Bankers Trust Co. v. Nordbrock (In re Nordbrock)*, 772 F.2d 397, 400 (8th Cir.1985); *In re Atlas Machine & Iron Works*, 190 B.R. 796, 803 (Bankr.E.D.Va.1995); *In re Better Care*, 97 B.R. 405, 410, 413–14 (Bankr.N.D.Ill.1989).

5. *See Reid*, 854 F.2d at 159; *Atlas Mach.*, 190 B.R. at 803.

6. *See, e.g., In re Reid*, 854 F.2d 156, 159–60 (7th Cir.1988) (holding fees and costs under § 303(i)(1) are at the court's discretion, and the exercise of discretion should be informed by the presence or absence of bad faith and the merit of the petitioning creditor's position); *Atlas Mach.*, 190 B.R. at 803–04 (holding a totality of the circumstances standard is appropriate, and a bad faith finding informs the court's use of discretion); *In re Landmark Distrib., Inc.*, 189 B.R. 290, 308 (Bankr.D.N.J. 1995) (holding the totality of the facts and circumstances should be examined); *In re Fox*, 171 B.R. 31, 33 (Bankr.E.D.Va.1994) (holding a totality of the circumstances test is proper); *In re K.P. Enterprise*, 135 B.R. 174, 178–81 (Bankr.D.Me.1992) (holding the court's exercise of discretion should be "informed by such factors as the reasonableness of the petitioner's actions, their motivation and objectives, and the merits of their view that the petition was proper and sustainable"); *In re Ross*, 135 B.R. 230, 236–39 (Bankr.E.D.Pa.1991) (holding a totality of the circumstances standard applies to § 303(i)(1) determination); *In re Advance Press & Litho, Inc.*, 46 B.R. 700, 702–03 (Bankr.D.Colo. 1984) (holding by implication the court must exercise its discretion to determine whether its case is one of the "situations where the burdens imposed upon debtors, even in good-faith circumstances, should require the losing

attorney's fees address a bad faith determination.[7] After reviewing the decisions involving § 303(i)(1) issues, one stands out as having carefully analyzed both the history of this statutory authorization for fees and costs, and the factors relevant to determine whether an authorization is warranted: *In re Ross*, 135 B.R. 230, 236–39 (Bankr.E.D.Pa.1991).

The *Ross* case involved the dismissal of an involuntary petition for failure to meet the requirement of having a minimum of three creditor's join the petition when the alleged debtor has twelve or more creditors. *Id.* at 233; *see* 11 U.S.C. 303(b)(1). After the case was closed, the alleged debtor moved to reopen the case solely to determine whether fees and costs should be granted under § 303(i)(1).[8] The *Ross* court carefully examined the history of

§ 303(i)(1) and determined the appropriate test to use is a totality of the circumstances analysis. *Id.* at 237.[9] Further, the court concluded the only burden the alleged Debtor bears is one of showing the involuntary petition was dismissed. Once this fact is proven, "the burden [of persuasion] shifts to the petitioning creditors to present evidence to disallow an award of fees." *Id.* at 238.

■ This court agrees the totality of the circumstances test is the correct framework for making the § 303(i)(1) determination, and adopts the same reasoning and support for using this standard as is given in the *Ross* opinion. *Id.* at 237 [10]. However, though this Court recognizes the issues the *Ross* court is addressing by shifting the burden of persuasion,[11] this Court

---

creditors to pay for the burden they had created").

Some courts simply emphasize the decision to grant fees and costs under § 303(i)(1) is a matter of discretion for the court. *See, e.g., In re Anderson*, 95 B.R. 703, 705 (Bankr. W.D.Mo.1989) (finding fees and costs were appropriate, absent a finding of bad faith, where petitioning creditors tried out unique theories at debtor's expense); *In re Allen Rogers & Co.*, 34 B.R. 631, 632–33 (Bankr. S.D.N.Y.1983) (finding fees and costs should be disallowed where petitioning creditors did not use the involuntary petition "as a substitute for customary collection procedures," the debtor was not paying its debts as they came due, and the petition failed primarily because three creditors dropped out on the eve of trial).

7. Cases where bad faith is found routinely, and quite logically, award fees and costs to an involuntary debtor who successfully dismisses a case. *See, e.g., Atlas Mach.*, 190 B.R. at 803–04; *Landmark*, 189 B.R. at 308; *K.P. Enterprise*, 135 B.R. at 178–81; *In re Kearney*, 121 B.R. 642, 644–45 (Bankr.M.D.Fla.1990) (finding of bad faith implied in ruling on *Fed.R.Bankr.P. 9011*); *In re Better Care*, 97 B.R. 405, 410, 413–14 (Bankr.N.D.Ill.1989); *In re Fox Island Square Partnership*, 106 B.R. 962, 966–67 (Bankr.N.D.Ill.1989); *In re Tarasi & Tighe*, 88 B.R. 706, 711 (Bankr.W.D.Pa. 1988); *In re Johnston Hawks Ltd.*, 72 B.R. 361, 365–66 (Bankr.D.Hawaii.1987); *Advance Press & Litho*, 46 B.R. at 702–03; *In re Camelot*, 25 B.R. 861, 865–66 (Bankr.E.D.Tenn. 1982); *In re SBA Factors*, 13 B.R. 99, 101 (Bankr.S.D.Fla.1981).

8. The alleged Debtor did not seek a determination of bad faith, so the *Ross* court never addressed any issues of bad faith or damages under § 303(i)(2). *Ross*, 135 B.R. at 233.

9. In discussing use of the totality of the circumstances standard, the *Ross* court correctly notes, "[i]t is frequently used as a bankruptcy standard for the exercise of discretion in different Code provisions." *Ross*, 135 B.R. at 237 (citing, e.g., cases regarding disqualification under § 327(a); relief from the automatic stay per § 362(d)(1); dismissal under § 707(b); and several others). *See also, Atlas Mach.*, 190 B.R. at 803–04 (holding a totality of the circumstances standard is appropriate, and a bad faith finding informs the court's use of discretion); *Landmark*, 189 B.R. at 308 (holding a totality of the circumstances standard is appropriate); *Fox*, 171 B.R. at 33 (Bankr.E.D.Va.1994) (holding a totality of the circumstances test is proper).

10. Other courts rely on the *Ross* opinion as well, either directly or by implication. *See Atlas Mach.*, 190 B.R. at 803–04 (citing *Fox*, 171 B.R. 31); *Landmark*, 189 B.R. at 308; *Fox*, 171 B.R. at 33.

11. The *Ross* court states "... once one eliminates the issue of petitioner's bad faith as a relevant factor in deciding whether to award fees, it becomes difficult to articulate that which a prevailing debtor need demonstrate, beyond dismissal itself, to justify an award under section § 303(i)(1)." *Id.* at 238. By using this burden shift, the *Ross* opinion re-

would address those issues in a slightly different manner. Instead of shifting the burden of persuasion, the same issues are adequately addressed by using a rebuttable presumption.

When an involuntary petition is dismissed, whether with a bad faith finding or not, this Court finds an involuntary debtor's motion for attorneys' fees and costs under § 303(i)(1) raises a rebuttable presumption that fees and costs are authorized. The involuntary debtor bears the burden to show the fees requested are reasonable. It is then the petitioning creditors' burden to establish, under the totality of the circumstances, that factors exist which overcome the presumption, and support the disallowance of fees. At this point in the involuntary proceeding, the court has heard all the evidence surrounding dismissal in this case. By applying the rebuttable presumption framework, the Court's exercise of discretion is an informed examination of the entire situation surrounding the filing of the petition, the ultimate dismissal, and any further evidence in the § 303(i) litigation.[12]

In the *Ross* case three reasons were argued to the court for disallowing fees and costs to the involuntary debtor: "the merits of their involuntary petition; the alleged inequitable conduct of the husband/movant; and, the movants' [alleged debtors'] later filing of a voluntary petition." *Id.* at 239. The *Ross* court focused on the merits of the involuntary petition and the acts of the alleged debtor as the two relevant bases to evaluate whether to allow fees and costs. *Id.*[13] Ultimately, the *Ross* court allowed fees and costs, rejecting petitioning creditors' arguments and focusing instead on their failure to join enough creditors prior to filing.[14]

When discussing the relevant factors in a § 303(i)(1) analysis, the *Ross* court states: "The closer the question of dismissal, the less likely it may be appropriate to award counsel fees.... Similarly, if the petitioners could demonstrate that their involuntary petition was dismissed due to improper conduct of the alleged debtor, then fees may not be awarded." *Id.* (citations omitted).[15] This Court finds these two factors—the merits of the involuntary petition, and the role of any improper conduct on the part of the alleged debtor—are definitive issues to be considered within the § 303(i)(1) totality of the circumstances analysis herein. Additionally, a court should consider the reasonableness of the actions taken by the petitioning creditors, as well as the motivation and objectives behind filing the petition. *In re*

quires the petitioning creditors to present evidence to disallow an award of fees. *Id.* It seems, to this court, that this mechanism is too rigid and requires the petitioning creditors to prove a negative proposition.

12. The Court notes where bad faith is determined to play a role in the filing, the ability of the petitioning creditors to rebut the presumption will likely be limited to arguing a separate issue: the reasonableness of the amount of fees and costs. *See Ross*, 135 B.R. at 239.

13. The court rejected the relevance of a later-filed voluntary petition. The *Ross* court found the later-filed voluntary petition was more appropriately considered a potential issue relevant in determining the reasonableness of the amount of fees, not whether fees should be granted. *Id.*

14. *Id.* at 238 ("At bottom, two petitioners filed an involuntary petition, one of them being the movant's [alleged debtor's] former accountant ... when they knew three petitioner's were required.").

15. The *Ross* petition could not stand because it had what this Court would consider a "facial" defect. A facially defective petition cannot stand alone because it simply does not meet the bare minimum filing requirements of § 303. A facially defective involuntary petition will be dismissed regardless of its merit (the alleged debtors in the *Ross* case admitted they were not paying their debts as they came due, *see Ross*, 135 B.R. at 233), and regardless of the role played by the conduct of the alleged debtor. This Court suggests that facially defective *petitions will most often result* in an award of fees under § 303(i)(1), regardless of whether bad faith is found.

*K.P. Enterprise,* 135 B.R. 174, 177 (Bankr. D.Me.1992).[16]

## CONCLUSION

■ There were approximately twelve days of trial in this case, four on the issue of dismissal and eight on the issue of bad faith. This Court will not restate the findings affirmed in its § 303(i) Opinion here, but relies on those findings to support its conclusion. Applying the adopted standard to this case, this Court concludes there is sufficient evidence before it to deny attorney's fees and costs to the involuntary Debtor.

■ The petition in this case had merit, despite dismissal. The Petitioning Creditors' actions were reasonable under the circumstances, and their motives and objectives were legitimate uses of the Bankruptcy Code. In addition, the Involuntary Debtor engaged in improper conduct. This Court hereby determines the facts and circumstances surrounding this case, when examined in light of the factors listed in the § 303(i)(1) analysis adopted in this opinion, weigh in favor of each party bearing its own fees and costs.[17] Accordingly, it is

ORDERED, ADJUDGED, AND DECREED that Scrap Metal Buyers of Tampa, Inc.'s Motion for Determination of Attorney's Fees and Costs, Motion for Sanctions Pursuant to rule 9011, and Motion for Compensatory and Punitive Damages for Petitioning Creditors' Bad Faith Filing is denied as it pertains to attorney's fees and costs under § 303(i)(1), the only issue determined in this Order on Remand.

16. The *K.P. Enterprise* court adopted the view that § 303(i)(1) fees and costs should generally be awarded, but stated further, "[t]he rule, however is not hard and fast. Each request for an award of fees and costs invokes the court's discretion, informed by such factors as the reasonableness of the petitioners' actions, their motivation and objectives, and the merits of their view that the petition was proper and sustainable." *K.P. Enterprise,* 135 B.R. at 177 (citing *Reid,* 854 F.2d at 160) (holding an award of fees and costs were appropriate when sole petitioner—a junior creditor—filed petition in bad faith primarily to stop a foreclosure sale).

The Court in *K.P. Enterprise* purports to follow a line of cases which conclude a § 303(i)(1) award of attorney's fees and costs should be "routine" upon dismissal of the involuntary petition. *Id.* In fact, courts addressing § 303(i)(1) often have a standard section which explains, first, the discretionary nature of the award (the statute states the Court "may" award ...), and, second, the existence of two lines of cases—one advocating a routine award of fees and costs to the involuntary debtor upon dismissal of the petition, the other advocating a discretionary award based on the facts of each case. *See, e.g., In re Ross,* 135 B.R. 230, 236–39 (Bankr. E.D.Pa.1991). *In re Kearney,* 121 B.R. 642, 644–45 (Bankr.M.D.Fla.1990); *In re*

*Anderson,* 95 B.R. 703, 704–05 (Bankr. W.D.Mo.1989).

This Court finds the § 303(i)(1) standard adopted in this opinion—examining the totality of the circumstances using a rebuttable presumption—eliminates the dichotomy between these different lines of cases by recognizing the underlying principles which led the courts to their differing conclusions. Additionally, the Court notes that *In re Howard, et al.,* 2 B.R. 451, 453–54 (Bankr.M.D.Tenn. 1979) which is most often cited, directly or indirectly, as the seminal case in the line of cases which considers an award of fees and costs routine under § 303(i)(1), *see Anderson,* 95 B.R. at 704–05; *Johnston Hawks,* 72 B.R. at 365–66, was decided under former *Fed. R.Bankr.Proc.* 115(e), which gave authority for a discretionary award to a "prevailing party," i.e. the alleged debtor. *Howard,* 2 B.R. at 453–54. *See also, Camelot,* 25 B.R. at 865–66 (granting fees under Rule 115(e) after a finding of bad faith). The *Howard* court granted fees in the absence of a bad faith finding, but arguably under a rule which differs from the present language of § 303(i)(1).

17. While the Court is aware that § 303(i)(1) permits a court to allow fees and costs in the absence of a finding of bad faith, the Court finds it is also well within its discretion to disallow fees and costs. *See Reid,* 854 F.2d at 159–60; *Allen, Rogers,* 34 B.R. at 632–33.