379 F.3d 701
 Wesley HIGGINS; Arlene Higgins; Bert Vincent; Leora Vincent, Petitioners-Appellants, and
Vortex Lures LP; Viking Lures MFG Inc.; Witchcraft Tape Products Inc.; Mesch Clark & Rothschild, PC; Rodger Ford; Amy Ford, Petitioners,
v.
VORTEX FISHING SYSTEMS, INC., Respondent-Appellee, and
Vortex Fishing Systems, Inc., Debtor.
Wesley Higgins; Arlene Higgins; Bert Vincent; Leora Vincent, Petitioners-Appellants, and
Vortex Lures LP; Viking Lures MFG Inc.; Witchcraft Tape Products Inc.; Mesch Clark & Rothschild, PC; Rodger Ford; Amy Ford, Petitioners,
v.
Vortex Fishing Systems, Inc., Respondent-Appellee, and
Vortex Fishing Systems, Inc., Debtor.
 No. 03-15487.
 No. 03-15488.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 2004.
 Filed August 11, 2004.
 
 COPYRIGHT MATERIAL OMITTED Patrick F. Flaherty, Great Falls, MT, for the petitioners/appellants.
 Steven M. Cox, Waterfall, Economidis, Caldwell, Hanshaw and Villamana, P.C., Tucson, AZ, for the respondent/appellee.
 Appeal from the United States District Court for the District of Arizona; Raner C. Collins, District Judge, Presiding. D.C. Nos. CV-02-00226-RCC, CV-02-00227-RCC.
 Before B. FLETCHER, TROTT, and FISHER, Circuit Judges.
 TROTT, Circuit Judge.
 
 
 1
 Wes Higgins ("Higgins"), his wife Arlene, and Arlene's parents Bert and Leora Vincent (collectively "the appellants") appeal the bankruptcy court's summary judgment award against them of attorney's fees and costs under 11 U.S.C. § 303(i)(1). The bankruptcy court awarded both trial and appellate attorney's fees after the dismissal of the appellants' failed Petition for Involuntary Chapter 7 bankruptcy against Vortex was affirmed on appeal by the Ninth Circuit. Liberty Tool, & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.), 277 F.3d 1057 (9th Cir.2002) Under the totality of the circumstances, the court properly awarded fees and costs related to the initial litigation, but awarding fees associated with the subsequent appeals was an abuse of discretion.
 
 BACKGROUND
 
 2
 Higgins invented a beeping fishing lure, which became the basis for his business, Vortex Lures, L.P. In 1990, Higgins agreed to a deal with an investor named Ray Scott ("Scott"), whereby Vortex Fishing Systems, Inc. ("Vortex") was formed. Scott agreed to loan the new corporation $50,000 in exchange for the right to purchase 45% of the shares, and the right to vote Higgins's remaining 55% of the shares until the loan was repaid. Higgins and Scott wound up in a bitter dispute, which resulted in Scott, through his acquired voting rights, removing Higgins from the corporation.
 
 
 3
 On January 29, 1999, allegedly frustrated with Vortex's failure to pay its creditors, Higgins, along with several other creditors, filed a petition for involuntary Chapter 7 bankruptcy against Vortex, seeking immediate cessation of operations and liquidation of the company. The petition went to trial, and on May 5, 1999, the bankruptcy court issued an order dismissing the petition. The order was appealed twice, ultimately resulting in the Ninth Circuit affirming the bankruptcy court's order. See In re Vortex Fishing Sys., Inc., 277 F.3d 1057.
 
 
 4
 Vortex then filed a motion for attorney's fees and costs pursuant to 11 U.S.C. § 303(i)(1). The bankruptcy court granted the motion on summary judgment. The decision was then appealed to, and affirmed by, the United States District Court for the District of Arizona. This appeal follows.
 
 DISCUSSION
 Standard of Review
 
 5
 "We review decisions of the bankruptcy court independently without deference to the district court's determinations." Galam v. Carmel (In re Larry's Apt., L.L.C.), 249 F.3d 832, 836 (9th Cir.2001) (citing Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th Cir.1993))."The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." Id. Accordingly, "[w]e will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." Id. (quoting Kord Enters. II v. Cal. Commerce Bank (In re Kord Enters. II), 139 F.3d 684, 686 (9th Cir.1998)); see also Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir.1997). "The trial court's refusal to permit further discovery is [also] reviewed for an abuse of discretion." Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987) (citing Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir.1986); Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 373 (9th Cir.1985) (per curiam)).
 
 
 6
 Proper Test for Awarding Attorney's Fees under 11 U.S.C. § 303(i)(1)
 
 
 7
 The appellants argue that the bankruptcy court erred by not applying the "totality of the circumstances" analysis in determining whether to award fees under § 303(i)(1). We agree that bankruptcy courts should apply a totality of the circumstances test before awarding attorney's fees, but we do not agree that the bankruptcy court's analysis in this case was deficient.
 
 Section 303(i) states:
 
 8
 (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment —
 
 
 9
 (1) against the petitioners and in favor of the debtor for —
 
 
 10
 (A) costs; or
 
 
 11
 (B) a reasonable attorney's fee; or
 
 
 12
 (2) against any petitioner that filed the petition in bad faith, for —
 
 
 13
 (A) any damages proximately caused by such filing; or
 
 
 14
 (B) punitive damages.
 
 
 15
 11 U.S.C. § 303(i).
 
 
 16
 The plain language of the statute presents only two prerequisites for an award of fees, costs, or damages under § 303(i)(1): 1) the court must have dismissed the petition on some ground other than consent by the parties; and 2) the debtor must not have waived its right to recovery under the statute.[1] 11 U.S.C. § 303(i). However, the statute's use of the word "may," rather than the word "shall," "clearly contemplates that fees and costs will not be awarded in all cases." In re Reid, 854 F.2d 156, 159 (7th Cir.1988). Therefore, in addition to determining whether the prerequisites are satisfied, the court must exercise some form of discretion in awarding fees and costs under § 303(i)(1). An appropriate standard for making this § 303(i)(1) determination has never been articulated by the Ninth Circuit Court of Appeals, and thus we do so here.
 
 
 17
 When crafting an appropriate standard for statutory application, it is customary to review the construction of the statute, the legislative history surrounding the statute, and the manner in which other courts have dealt with the same statute. In this case, the statutory structure and legislative history provide minimal guidance. The statute simply indicates that bad faith is not a prerequisite to awarding attorney's fees and costs under § 303(i)(1). This is evident because § 303(i)(2) explicitly provides for greater damages "against any petitioner that filed the petition in bad faith." 11 U.S.C. § 303(i)(2); see also In re Ross, 135 B.R. 230, 236 (Bankr.E.D.Pa.1991) ("[A]ttorney's fees may be awarded even in the absence of the bad faith of the petitioners in an involuntary case.") (citation omitted); In re Johnston Hawks Ltd., 72 B.R. 361, 365 (Bankr.D.Haw.1987) ("Attorney's fees and costs may be awarded under § 303(i)(1), regardless of whether the petition was filed in bad faith."). Although the legislative history underscores the permissive grant of authority to award fees, it does not provide any indication of how a bankruptcy court is supposed to wield that discretion. See S. Rep. 95-598 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5820; ("The court may grant any or all of the damages provided for under the provision.") (emphasis added); see also H. Rep. 95-595 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6279 (same).
 
 
 18
 Fortunately, the case law provides more assistance. The majority of courts that have addressed the issue have adopted a totality of the circumstances test. E.g., In re Scrap Metal Buyers of Tampa, Inc., 233 B.R. 162, 165 (Bankr.M.D.Fla.1999); In re Landmark Distribs. Inc., 189 B.R. 290, 307-08 (Bankr.D.N.J.1995); In re Gills Creek Parkway Assocs., 194 B.R. 59, 64 (Bankr.D.S.C.1995); In re K.P. Enter., 135 B.R. 174 (Bankr.D.Me.1992); In re Ross, 135 B.R. 230, 237 (Bankr.D.S.C.1995); see generally Kurtis A. Kemper, Annotation, Award of Attorney's Fees Under 303(i)(1)(B) of Bankruptcy Code on Dismissal of Involuntary Petition in Bankruptcy, 179 A.L.R. Fed. 549 at § 16 (collecting cases where "the court, in exercising its discretion with respect to an award of attorney's fees under 11 U.S.C. § 303(i)(1)(B) following the dismissal of an involuntary bankruptcy petition, must consider the totality of the circumstances in the case, at least in the absence of a finding that the petitioning creditors acted in bad faith"). Those courts not adopting a totality of the circumstances test have concluded that the court's discretion in this matter is relatively unbounded. See, e.g., In re Tarasi & Tighe, 88 B.R. 706, 711 (Bankr.W.D.Pa.1988) ("An award of relief is discretionary with the Court and the mere fact that the conditions precedent to the allowance of costs and fees permitted by § 303(i)(1) are met is enough to warrant the exercise of this Court's discretion in favor of such an award."); In re Johnston Hawks Ltd., 72 B.R. at 365-66 (awarding fees to the prevailing alleged debtor despite no finding that the involuntary petition was frivolous or meritless).
 
 
 19
 Courts have also prescribed the totality of the circumstances test as the standard for the exercise of discretion in relation to numerous other Bankruptcy Code provisions. Ross, 135 B.R. at 237 (collecting the various code provisions and supporting cases where the totality of the circumstances test has been applied). Analogizing to these provisions, we agree with the majority of other courts that Congress likely intended that the totality of the circumstances test be applied to § 303(i)(1) determinations as well.
 
 
 20
 Although we adopt the totality of the circumstances test as the appropriate standard under § 303(i)(1), we do not abandon the premise that "any petitioning creditor in an involuntary case ... should expect to pay the debtor's attorney's fees and costs if the petition is dismissed." In re Kidwell, 158 B.R. 203, 217 (Bankr.E.D.Cal.1993). Thus, when an involuntary petition is dismissed on some ground other than consent of the parties and the debtor has not waived the right to recovery, an involuntary debtor's motion for attorney's fees and costs under § 303(i)(1) raises a rebuttable presumption that reasonable fees and costs are authorized. In re Scrap Metal Buyers of Tampa, Inc., 233 B.R. 162, 166 (Bankr.M.D.Fla.1999). This presumption helps reinforce the idea that "[t]he filing of an [i]nvoluntary [p]etition should not be lightly undertaken," In re Advance Press & Litho, Inc., 46 B.R. 700, 702 (Bankr.D.Colo.1984), and "will serve to discourage inappropriate and frivolous filings." 1 COLLIER ON BANKRUPTCY ¶ 303.15 (15th ed.2004). Filing an involuntary petition should be a measure of last resort because even if the petition is filed in good-faith, it can "chill[ ] the alleged debtor's credit and sources of supply," and "scare away his customers." In re Advance Press, 46 B.R. at 702 (quoting In re SBA Factors of Miami, Inc., 13 B.R. 99, 101 (Bankr.S.D.Fla.1981)).
 
 
 21
 Although the presumption operates in favor of the alleged debtor, the petitioner must be given an opportunity to rebut the "presumption that fees and costs are authorized." In re Scrap Metal, 233 B.R. at 166. In accordance with the procedure set forth in In re Scrap Metal, once the debtor has satisfied the burden of demonstrating the reasonableness of the fees requested, "[i]t is then the petitioning creditors' burden to establish, under the totality of the circumstances, that factors exist which overcome the presumption, and support the disallowance of fees." Id. However, this does not give the petitioning creditor license to conduct additional discovery and present evidence on an issue that has already been decided. The rebuttable presumption framework allows the court, which by this point in the process has heard all the evidence surrounding dismissal, to make "an informed examination of the entire situation" without the burden of conducting another mini-trial. Id.
 
 
 22
 Although the totality of the circumstances test can be somewhat amorphous, the bankruptcy court, where relevant, should consider the following factors before awarding attorney's fees and costs under § 303(i)(1): 1) "the merits of the involuntary petition," 2) "the role of any improper conduct on the part of the alleged debtor," 3) "the reasonableness of the actions taken by the petitioning creditors," and 4) "the motivation and objectives behind filing the petition." In re Scrap Metal, 233 B.R. at 166; see also 1 COLLIER ¶ 303.15 ("In determining whether to grant an award, courts should consider the reasonableness of the petitioner's actions, the petitioner's motives and objectives (which calls for both a subjective and objective assessment) and the merits of the petitioner's view that a filing was appropriate and sustainable.") (citing In re K.P. Enter., 135 B.R. 174 (Bankr.D.Me.1992)). Although definitive in most cases, this list is not exhaustive, and a bankruptcy court may, in its discretion, choose to consider other material factors it deems relevant.[2]
 
 
 23
 Fees and Costs Related to the Initial Litigation
 
 
 24
 The appellants argue that the bankruptcy court improperly awarded attorney's fees and costs related to the initial litigation without applying the totality of the circumstances test described above. We disagree. Under the burden-shifting framework described above, it was the appellants' burden to demonstrate that the totality of the circumstances supported the disallowance of fees. The appellants made a number of such arguments, but were unpersuasive. Although the bankruptcy court did not explicitly state that it used a totality of the circumstances test in awarding fees and costs, it considered all of the appellants' alleged factual bases for denial of the debtor's motion for summary judgment on § 303(i)(1) grounds, and appropriately concluded, on balance, that the appellants failed to create a case for withholding fees. The court's § 303(i)(1) analysis included a determination that the "[p]etitioners lost squarely on the merits" and that "[l]osing was not a close call."
 
 
 25
 The appellants assert that the bankruptcy court erred because it did not consider their good faith — a relevant factor in the totality of the circumstances test we adopted above. We believe the bankruptcy court did consider whether the appellants acted in good faith, however. Although the bankruptcy court stated that "[t]he parties' good faith is not an issue," it also recognized that good faith "may be considered as a factor in a judge's discretion as to whether to award fees." After pointing this out, the bankruptcy court then appeared to find that the appellants had not acted in good faith, noting that "[t]his is a case in which an ousted business partner has attempted to force an involuntary bankruptcy in order to gain a business advantage." Thus we cannot say that the bankruptcy court did not consider the appellants' argument that they had acted in good faith.
 
 
 26
 We also reject the appellants' contention that the bankruptcy court erred in not permitting further discovery. Having just reviewed a lengthy, fully developed record, there was no need for the court to conduct further discovery in an effort to relitigate issues that had been conclusively decided at trial and on appeal.
 
 
 27
 In sum, the court did not err in granting summary judgment on the issue of initial litigation attorney's fees and costs pursuant to § 303(i)(1).
 
 Fees and Costs on Appeal
 
 28
 The appellants contend that the portion of the bankruptcy court's award against them of fees and costs attributable to the appeals process is contrary to law and therefore an abuse of discretion. Given our holding in State of Cal. Emp. Dev. v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147 (9th Cir.1996), we agree. The court in In re Del Mission, relying on the holding in Vasseli v. Wells Fargo Bank (In re Vasseli), 5 F.3d 351, 353-54 (9th Cir.1993), concluded that "the only authority for awarding discretionary appellate fees in bankruptcy appeals is Rule 38." In re Del Mission, 98 F.3d at 1154. The controlling principle arising from Del Mission is that "we should not [infer] from [a bankruptcy court's express discretionary authority to award fees at the trial level] a similar authority to award fees at the appellate level." Id. Thus, according to the teaching of Del Mission, § 303(i)(1), which expressly grants discretionary authority to award fees at the trial level, should not be construed to grant similar authority to award fees at the appellate level.[3] Therefore, the bankruptcy court abused its discretion in awarding the Respondent previously incurred appellate fees under § 303(i)(1).
 
 
 29
 In addition to defending the award of fees and costs related to the original set of appeals, the appellee debtor now makes a motion for attorney's fees and costs incurred in defending the appeal now before us. Rule 38 does not permit an award of fees unless the request is made in "a separately filed motion." FED. R. APP. P. 38 (2004). "A request made in an appellate brief does not satisfy Rule 38," and thus the motion is denied without prejudice. In re Del Mission, 98 F.3d at 1154.
 
 CONCLUSION
 
 30
 The proper standard for making an award determination under § 303(i)(1) is the totality of the circumstances test. Although not explicitly identified as such, the bankruptcy court's analysis of the totality of the circumstances surrounding the petition for involuntary bankruptcy at issue in this case was sufficient to satisfy the standard. However, the bankruptcy court's exercise of authority in awarding previously incurred appellate fees was an abuse of discretion, and thus the portion of the award attributable to the appellate proceedings must be reversed.
 
 
 31
 AFFIRMED in part and REVERSED in part. Respondent's motion for fees on appeal is denied without prejudice. Each party shall bear its own costs.
 
 
 
 Notes:
 
 
 [1]
 There is no dispute that the prerequisites have been satisfied in this case
 
 
 [2]
 Thus we conclude that the bankruptcy court did not err in considering factors other than the four we have identified above
 
 
 [3]
 This holding creates a discrepancy that only Congress can rectify. Despite Congress's clear intent to award attorney's fees and costs to an alleged debtor who successfully defends an involuntary bankruptcy bid, the debtor remains exposed to appellate attorney's fees unless it can be demonstrated that the appeal was frivolous under Rule 38